WILLIAMS v. AMERICAN STRING-WRAPPER CO. et al.

(Circuit Court of Appeals, Seventh Circuit. March 10, 1898.)

No. 433.

1. PATENTS—ANTICIPATION.

Anticipation should not be found in prior devices in the art to which a patent belongs, unless they are of such a character as to have furnished clear, if not unmistakable, suggestion of the improvement in question; and if the anticipatory suggestion comes from another art it should have less significance, proportioned inversely to the distance from which it is brought.

2. SAME—INVENTION—STRING WRAPPERS.

The Williams patent, No. 558,244, for an improvement in string wrappers, consisting in cutting into the wrapper on both sides of the end of the string, so that the wrapper may be easily opened without tearing or injuring the newspaper or other article wrapped therein, presents a patentable invention. 28 C. C. A. 325, 84 Fed. 197, reversed.

On rehearing.

For former report, see 28 C. C. A. 325, 84 Fed. 197.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

86 F.—41

WOODS, Circuit Judge.   For a statement of this case reference is made to the opinion handed down at the last session of this court wherein it was held that the patent in suit, No. 558,244, issued on April 14, 1896, to Benajah Williams, for a wrapper for newspapers, etc., in view of patent No. 519,185, granted to P. J. Ogle on May 1, 1894, was lacking in patentable novelty.   A petition for a rehearing was presented showing, on the undisputed evidence in the record, that before Ogle had conceived of his design Williams had made samples of the wrapper for which his patent was afterwards granted, and, the rehearing having been allowed, the question is whether, the Ogle design out of view, the Williams wrapper was patentable.   We are of opinion that it was.   Its utility is proved and not disputed.   It is different from anything before it, and is not an obvious or natural suggestion of what had preceded it in the art.   Stress was laid at the argument upon the Zimmerman patent, one of the drawings of which is in appearance substantially like the Ogle design, but that patent is for improvements in key-opening metal cans, and is described as showing a detached strip terminating in a free tongue at one edge of the blank sheet of which the can is made.   The making of metal cans is another art, and, if in a conceivable degree akin to the art of making of wrappers for newspapers and periodicals, is so remotely related that it ought not to be considered.   Anticipation ought not to be found in prior devices in the art to which a patent belongs unless they are of such a character as to have furnished clear, if not unmistakable, suggestion of the improvement in question; and if the anticipatory suggestion comes from another art it should, of course, have less significance, proportioned inversely to the distance from which it is brought.   The device in question, simple as it is, was a happy thought, and we hold it to have been a patentable discovery because it was not directly suggested by anything which preceded it in the art to which it belongs, and was not fairly or logically deducible from any or all of the prior forms of construction.   The decree below is therefore reversed, with directions to proceed in accordance with this opinion.