MAHONY v. MALCOM.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,176.

PATENTS—INVENTION—EYE SHADES.

The Mahony patent, No. 729,500 for an eye shade consisting of two pieces of thin light flexible material, such as celluloid, one crescent shaped and the other a straight strip, pivotally attached together at the ends so as to lie flat when not in use, and to form a visor and a band for the back of the head, respectively, when in use, while for a simple device was not anticipated, and discloses invention. Also *held* infringed.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Henry Love Clarke, for appellant.
Florence King, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Appellant's bill for infringement of letters patent No. 729,500 issued to him on May 26, 1903, was dismissed on the ground that the patent was void for want of invention.

The patent is for an eye shade made of two pieces of flat, thin, light, flexible material, such as celluloid. One piece is cut in the form of a crescent; the other, of a straight strip long enough to reach between the horns of the crescent. The horns and the ends of the strip are pivotally connected by detachable clips. When not in use, this

eye shade lies flat. In use, the flat crescent by conforming to the forehead is made into a visor, and the strip, turning on the pivots, becomes a band about the back of the head. There are minor features relating to adjustability and ventilation, but the validity of each of the twelve claims (a recital whereof is unnecessary on account of appellee's admitted appropriation) depends upon the patentable novelty of the device as above described.

Twelve earlier patents are shown in the record, ranging in date from 1876 to 1899. Ten of them, and they cover the whole period, are for various modifications or improvements of the old, stiff, curved visor. None responds in any way to the claims in suit. Neither of the remaining two, the Platt patent of 1877 and the Wagenet of 1884, can be read upon appellant's patent. Platt's eye shade consists of a rigidly curved visor and a rigidly curved head band, pivotally connected, so that the two pieces may assume various angles to suit the wearer's notion of a proper fit. After the publication of appellant's patent 26 years later, it was easy enough to see that if Platt's rigidly curved head band were turned up at right angles to the horns of the rigidly curved visor (a position that was never intended in use or not in use) and then the whole were hammered flat, the result might serve as a pattern for cutting from flexible material something that would resemble appellant's eye shade. But Platt did not do it; neither did any of the other eleven inventors who during those years were animated with the hope of capturing the trade by producing an eye shade that was better for the manufacturer, for the merchant, and for the wearer. Ten of them stuck to the old rigid form. Only one, Wagenet, saw the advantage of using flexible material. And if the mental picture of the Platt eye shade flattened out as a pattern was so obvious to the workman skilled in the art, it is strange that Wagenet should have spent his time and money in producing the cumbersome thing that he did, something like a big horseshoe, with an exaggerated toe, cut out of celluloid, to be fastened together at the heels. That was in 1884. If, after Wagenet had proven the advantages of flexible material, to the manufacturer in simplifying production, to the merchant in handling articles that save space and are neatly cartoned, and to the wearer in having a light, easy-fitting, flexible, flat-lying eye shade, the skilled mechanic might reasonably have been expected to produce the device in suit by combining the teachings of Platt and Wagenet, it is remarkable that the seven patentees during the succeeding 15 years should have reverted to the rigid type.

Outside the record, it is said that from time immemorial eye shades have been made by cutting visors from paper and tying them on with strings. If this was a matter of common knowledge, so much the more marked was the intuitive flash that finally came to Mahony's mind, and to his alone.

We think there was invention of the "happy thought" kind, as explained in Williams v. American String-Wrapper Co., 86 Fed. 641, 30 C. C. A. 318, and in Eastman v. Mayor of New York (C. C. A.) 134 Fed. 844. As we said in Regent Mfg. Co. v. Penn Electrical Co., 121 Fed. 80, 57 C. C. A. 334:

"The device seems exceedingly simple; but its very simplicity, in such an old field, should be a warning against a too ready acceptance of the ex post facto wisdom of the bystander."

The decree is reversed, with the direction to enter a decree in appellant's favor for an injunction and an accounting.