WOODS, PLAINTIFF IN ERROR, v. TANQUARY ET AL., DEFENDANTS IN ERROR.

1. JURY—SPECIAL PRACTICE IN CERTAIN COUNTIES.

Either party to an action pending in the county court of a county of the first class is entitled to a trial by jury without advancing the fees therefor.

2. ACTIONS ON OBLIGATIONS BEFORE MATURITY.

The general rule that the maturity of the obligation is as essential as the existence of the debt to enable the plaintiff to bring suit, must control his right to recover, unless the case be brought within the statute permitting suit on an unmatured debt.

3. PRACTICE IN ATTACHMENT.

There must be a finding of the facts alleged as the basis of the attachment, and a formal entry declaring them to exist, in order to entitle the plaintiff to judgment for a debt not due.

4. JURY TRIAL.

The issue formed by the traverse of the grounds of the attachment must be tried by jury, unless that mode of trial be waived by the parties.

*Error to the County Court of Arapahoe County.*

Mr. JOHN F. TOURTELOTTE and Mr. W. T. HUGHES, for plaintiff in error.

Mr. N. Q. TANQUARY, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

On the 1st of September, 1891, Tanquary and Gibson commenced this action against Woods, the plaintiff in error, to recover some seventeen hundred dollars. The debt was evidenced by fourteen promissory notes, all dated the 29th of December, 1890, and due at varying periods from six to nineteen months after date. When the suit was started, only three notes of one hundred dollars each had matured, though a fourth which fell due on the 29th of September had reached its maturity, except as concerned the days of grace. To obviate the objection of the nonmaturity of the paper, the

plaintiffs, as to each unmatured obligation, alleged a fraudulent transfer of property, and fraud in the contraction of the debt. At the time the complaint was filed, the plaintiffs sued out an attachment, and observed the statute by filing an affidavit which set up the fraud charged in the complaint, and stated that the action was brought upon a contract for the direct payment of money, and on certain promissory notes. The defendant traversed the attachment. He also answered, denying the allegations of the complaint, and set up some affirmative matter which need not be noticed. Without further stating the history of the cause, it is sufficient to say that on the 7th of December, 1891, the case stood on the docket of the county court on the traverse and the issue formed by the pleadings, when the court set the case for trial for the 21st of December, 1891. When the case was called in its regular order, the defendant demanded a jury to try the attachment issues. This the court denied, on the assigned grounds that a jury had not been asked for prior to the day of trial, and the fees were not advanced to pay for one. The trial proceeding, the defendant waived a jury as to the main issue and the court heard the evidence, and according to the language of the entry found " the issues herein joined for said plaintiffs, and assessed their damages in the sum of sixteen hundred dollars, wherefore it is ordered, etc., * * * that plaintiffs have and recover of, etc., the sum of, etc." This is the only entry in the record, and it contains no finding or judgment concerning the alleged grounds for attachment. The defendant assigns error, and contends the plaintiffs were not entitled to judgment without both proofs and finding as to the alleged ground for complaint.

Manifestly the error is well laid. As a general proposition, the maturity of the obligation is as essential as the existence of the debt, to entitle the plaintiff to bring his suit. This general principle must control the plaintiff's right to recover, unless the case be brought within the scope of that statute which permits a plaintiff to bring suit on an unmatured debt. Chapter 6 of the Code of 1887 is the one which authorizes a

writ of attachment to issue and prescribes the steps which plaintiff must take to secure it. The section which relates to unmatured claims provides that wherever the affidavit states any of the causes save four which authorize the issue of the writ the action may be commenced, and the writ issued upon a debt not due. The judgment entered must be with a rebatement of the interest. A subsequent section permits the defendant to traverse the affidavit, and put in issue the matters alleged, and then enacts that, if the plaintiff substantiate any one of the causes alleged, the attachment shall be sustained. It also provides that if he fail to substantiate any cause, the attachment shall be dissolved, and the action shall be dismissed if the debt be not due. It likewise directs the trial of the issue by jury, unless that method of trial be waived by the parties.

The act of 1891 concerning jurors (Session Laws of 1891, page 248) enacts that, in any action pending before a county court in a county of the first class, either party shall be entitled to a jury without advancing the fees therefor.

These statutory requirements easily dispose of this case. The affidavit which was filed to secure the writ has been subjected to some criticism; but the regularity and form of it need not be considered, since it certainly charges that fraud which authorizes a plaintiff to commence a suit on unmatured paper, and all technical defects in affidavits of this sort are the subject of amendment, if they are aptly and promptly attacked. The decision is very safely rested on the indisputable basis, that there must be a finding, either by a court or by a jury, of the facts alleged as the basis of the attachment, and a formal entry declaring them to exist, in order to entitle the plaintiff to a judgment on his unmatured paper. So far as can be discovered by the record, the traverse of the attachment was never disposed of, and there was at no time during the trial of the case a finding on the issue which it made concerning the existence of the fraud alleged. The matter seems not to have been considered by the court, or if it was he made no further finding or entry concerning it; lacking

these a subsequent judgment is evidently not justified. The reason of the omission would seem to be evident from the manifest failure of the plaintiffs to offer evidence which sustained their charge of a fraudulent disposition of the property. The plaintiffs' evidence having been read, it is impossible therefrom to deduce a conclusion which would justify an affirmative finding on this question. Since this is true, this court is unable to disregard the omission, and on the presumptions arising from the entry sustain the judgment.

When the court denied the defendant a jury to try the issue made by the traverse, he committed an error equally fatal to the recovery. We have adjudged a finding upon this subject indispensable, and, as the statute gives the defendant the right to the determination of a jury on this question, it must be error to refuse it unless a valid statutory reason can be assigned therefor. We can discover none. It is insisted in argument that it is legitimate for the court to require that a defendant shall advance the fees as a condition precedent to this mode of trial, and that the court has full power to provide by its rules that the request for a jury shall precede the day fixed for the trial. The first proposition is disposed of by the statute of 1891 and the attachment act in the Code. The first provides that, in county courts in counties of the first class, either party shall be entitled to a jury without the prepayment of fees; the second enacts that the issue formed by the traverse shall be tried by a jury, unless that mode of trial be waived by the parties. The record discloses not a waiver, but an affirmative demand for a jury. The failure of the court to concede this right to the defendant is necessarily a fatal error, unless it was incumbent upon the defendant to make his demand at some earlier date. We do not decide whether the court could by rule provide the time within which the demand should be made or otherwise the demanding party be precluded. It is enough in this case to say that the record contains no rule of court and shows no practice requiring the defendant to make the demand at an

earlier day.  We must therefore assume that his request was in due time, and that its refusal was error.

Because of these errors committed by the trial court in respect of the entry of judgment and the mode of trial, the judgment will be reversed and remanded for further proceedings in conformity with this opinion.

*Reversed.*