### CITY OF TRINIDAD v. HOKASONA.

(Circuit Court of Appeals, Eighth Circuit. March 16, 1910.)

#### No. 2,911.

1. MUNICIPAL CORPORATIONS (§ 374*)—ACTIONS AGAINST ON CONTRACT—CONDITIONS PRECEDENT—COLORADO STATUTE.

Under Mills' Ann. St. Rev. Supp. Colo. §§ 2888–2890, which make it the duty of a city to withhold payment from a contractor for public work to satisfy the claims of laborers and materialmen, and provide that "before any payment shall be made to the contractor" he shall present to the city council a verified statement in writing showing the amounts owing by him for labor and materials and the names of the persons to whom due, and that the city clerk shall then publish a notice pursuant to which laborers and materialmen may file their claims, which, if admitted or established by litigation, shall be paid by the city and charged to the contractor, the filing of such statement by a contractor is a condition precedent to his right to maintain an action against the city to enforce payment of his demand.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 374.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** ACTION (§ 62*)—PREMATURE COMMENCEMENT—EFFECT.

An action begun before the accrual or maturity of the demand is premature and should be dismissed.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 718–723; Dec. Dig. § 62.*

Premature commencement of actions, see note to American Bonding & Trust Co. v. Gibson County, 76 C. C. A. 159.]

**3.** MUNICIPAL CORPORATIONS (§ 358*)—CONTRACTS FOR IMPROVEMENTS—CERTIFICATE OF ENGINEER—CONCLUSIVENESS.

Under a stipulation in a contract for the construction of a public work for a city that, "to prevent all disputes and litigation," the city engineer shall be referee to determine the amount of work to be paid for and to decide all questions which may arise relative to the fulfillment of the contract by the contractor, and his estimates and decisions shall be final and conclusive, a certificate given by the engineer to the contractor is conclusive upon both parties in the absence of fraud or such gross mistake as implies bad faith or a failure to exercise an honest judgment, notwithstanding a further proviso, which, if literally construed, would make the decision of the engineer conclusive only on the contractor, and thus defeat the stated purpose of the provision.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 890; Dec. Dig. § 358.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Harry Hokasona against the City of Trinidad. Judgment for plaintiff, and defendant brings error. Reversed.

Jesse G. Northcutt (Theodore Smith and A. Watson McHendrie, on the brief), for plaintiff in error.

George S. Redd (George Stidger and Horace G. Benson, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This was an action upon contract by Hokasona against the city of Trinidad, Colo., to recover balances claimed to be due for work upon the water supply system of the city. A jury being waived, the Circuit Court tried the case, stated findings of fact and conclusions of law, and rendered a judgment for the plaintiff of which the city now complains.

Though the making of such a contract was within the express power of the city, and though the plaintiff expended large sums of money and performed a work which was received, retained, and used by the city, it contends that for various reasons the contract did not become binding on it. Without going into details, we think the record shows the contrary, and that whatever was justly earned under the contract, including compensation for the extra work, constitutes an obligation of the city.

Was the action premature? Section 2888, Mills' Ann. St. Rev. Supp. Colo., made it the duty of the city to withhold payment of moneys from a contractor doing public work, to satisfy the claims of laborers and materialmen in the manner thereafter specified. The next section provides "that before any payment shall be made to the contractor" he

shall present to the city council a verified statement in writing showing the amounts owing by him for labor and materials and the names of the persons to whom due. The city clerk is then required to publish a notice that at a stated meeting of the council thereafter the contractor will be paid and the claimants for labor and material may file their claims with the clerk. Section 2890 provides that, if claims so filed tally with the contractor's statement, the city may pay the claimants direct and charge the contractor; but, if a filed claim is not admitted or does not tally with the statement, the claimant shall bring suit in court within 30 days to recover of the contractor, and upon filing a transcript of a judgment with a certificate of nonappeal he shall be paid by the city. Section 2891 provides that partial payments as the work progresses shall only be made upon the production of receipts from subcontractors, laborers, and materialmen. There are other provisions in harmony with the above. The plaintiff brought his action without filing the verified statement. The city alleged the failure in its answer, and charged that plaintiff owed a large sum of money for labor and materials and demands were being made on it. In his replication plaintiff admitted he did not file the statement before beginning his action, but alleged he did so afterwards. The proofs do not show any such statement, nor that the city clerk published notice to claimants for labor and material. They do show, however, a large amount of claims and orders given by plaintiff were filed, some of which appear to be, and others are clearly not, within the statute. During the trial the court referred to the claims and said the case would not be decided until it was satisfied whether any unsettled ones were within the statute, and, if so, they would be deducted. The record before us does not disclose any further action in the matter. We think the Colorado statute suspended the due day of the contract compensation until, the contractor's statement having been filed and the city clerk's notice having been published, the claimants for labor and material were given the opportunity to file their claims. The filing of contested claims might result in some cases in the splitting of a contractor's single demand; but, if so, it would be the result of statute, and the debtor would have no legal cause for complaint. Under the Colorado law the things mentioned were required to be done "before any payment shall be made" to the contractor. At the head of the things prescribed is the filing of the contractor's verified statement. It seems quite clear, therefore, that when the action was brought the city was under no present duty to pay. The right of the contractor to enforce payment and the legal duty of the city to withhold payment do not consist. The contract should be construed as though the provisions of the law were written in it. An action begun before the accrual or maturity of the demand is premature and should be dismissed. American Bonding & Trust Co. v. Gibson County, 76 C. C. A. 155, 145 Fed. 871; Estes v. Tower, 102 Mass. 65, 3 Am. Rep. 439; Heard v. Ritchey, 112 Mo. 516, 20 S. W. 799; Hilliard v. Bothell, 64 N. H. 313, 8 Atl. 826; Woods v. Tanquary, 3 Colo. App. 515, 34 Pac. 737.

Another matter much urged by the city may be noticed. Plaintiff, by an amended petition, relied on a certificate of an engineer as final

and conclusive as to his performance of the contract and the balance due him. There was a certificate of the engineer, but the city denied its conclusiveness. The contract contains two provisions upon the subject. The first is:

"To prevent all disputes and litigation, it is further agreed, by and between the parties of this contract, that the engineer (meaning thereby the individual or individuals at any time holding the position. or acting in the capacity of engineer of the Trinidad water department) shall be referee in all cases to determine the amount of the quantity of the work which is to be paid for under this contract, and to decide all questions which may arise relative to the fulfillment of this contract on the part of the contractor, and his estimates. and decisions shall be final and conclusive."

The second is that the contractor shall not be entitled to payment until the work is completed to the satisfaction of the engineer and he shall have given his certificate to that effect, whereupon the city shall pay the whole amount due excepting such sum or sums as it may lawfully retain. It is followed by this proviso:

"Provided, that nothing herein contained be construed to affect the right hereby reserved by the said city to reject the whole. or any portion of the aforesaid work, should the said certificate be found, or known to be inconsistent with the terms of this agreement, or otherwise improperly given."

There is an apparent inconsistency between the first provision and the proviso of the second, and it is claimed by the city that the latter negatives the conclusive character of the engineer's certificate. Were full effect given the proviso, the action of the engineer, while binding on the plaintiff, would be inconclusive as to the city, and the result would be directly opposed to the express purpose of the first provision. We think the two should be construed together and to mean that, conformably with the approved rule. the certificate is conclusive upon both parties, in the absence of fraud or such gross mistake as implies bad faith or a failure to exercise an honest judgment. Guild v. Andrews, 70 C. C. A. 49, 137 Fed. 369; Roberts, Johnson & Rand Shoe Co. v. Westinghouse, etc., Co., 74 C. C. A. 318, 143 Fed. 218. The city also averred that the plaintiff and the engineer acted fraudulently and collusively, and that the latter falsely represented work done grossly in excess of that actually performed. At the trial the evidence offered by the city to establish the defense was excluded by the court. This may have been upon the ground that the attack on the certificate could only be made in equity, but the court nevertheless made the following finding:

"The defendant in its answer charged that the final estimate of the city engineer of the work in excavating and back-filling the 24-mile trench as represented by his certificate of April 8, 1907, was fraudulent and collusive with the plaintiff. There is no evidence to sustain the charge, neither does the evidence show that there was gross mistake or bad faith, or a failure to exercise an honest judgment by said engineer in making said final estimate."

The judgment is reversed, and the cause remanded for further proceedings in conformity herewith.