## J. ELLSWORTH STONEBRAKER *vs.* WILLIAM B. LITTLETON.

*Plaintiff's right to recover: as of time of filing suit. Stock:*
*assignment of—; payment from dividends*
*declared. Contracts: construction;*
*surrounding circumstances.*
*Interest.*

In general, the right of a plaintiff to recover depends entirely upon the right, and title which he has at the commencement of the suit, and the non-existence of a cause of action at that time is fatal to his right to recover and may be availed of by a demurrer.                                          p. 178

Where stock is assigned to an assignee to be paid for by the application of one-half of the dividends that are declared from time to time, and it was agreed that until the full purchase price is paid the stock should be held by the assignor as collateral to be reassigned to the assignee when the stock was fully paid, there is no obligation upon the assignees to pay for the stock except in the method provided for by the contract.
                                                          p. 178

In construing contracts, courts may consider the situation and circumstances of the parties at the time it was entered into.
                                                          p. 179

Where an employer conveyed to an employee, the manager of the company, certain shares of the capital stock of the corporation, with the agreement that the stock should be paid for by the application of one-half of the dividends as the same might be declared from time to time, with the provision that additional payments might be made at the option of the assignee, and that on all payments made by him interest at the rate of 4% would be allowed, it was *held,* that in consideration of all the facts of the case no interest was to be paid or be demandable upon the deferred payments of the purchase price.                                     p. 179

*Decided December 7th, 1912.*

Appeal from the Circuit Court for Washington County (HENDERSON and KEEDY, JJ.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Frank G. Wagaman* and *Henry H. Keedy,* for the appellant.

*J. A. Mason,* for the appellee.

BURKE, J., delivered the opinion of the Court.

John W. Stonebraker, of Washington County, owned and operated a paper mill located in that county, and traded under the name of the Antietam Paper Company.

The appellee on this record, William B. Littleton, was at that time in his employ. On the 4th day of March, 1905, Stonebraker, Littleton and certain other persons formed a corporation under the name of the Antietam Paper Company of Washington County, and on the same day this corporation purchased and took over the paper mill and business of Stonebraker.

The record does not show what valuation was placed upon the mill and its business; but it states that the entire capital stock was contributed by Stonebraker. The appellee was anxious to own twenty shares of the capital stock of the corporation, and Stonebraker also desired that he should own that number of shares; but the appellee was not able to pay cash for the stock, and accordingly he and Stonebraker entered into a contract under seal, dated the 4th day of March, 1905, providing for the sale of twenty shares of stock to the appellee, and fixing the method of payment therefor. The contract recited the formation of the corporation, and the contribution of the entire capital stock by Stonebraker; and in consideration of the matters and things to be done by Littleton, Stonebraker agreed that he, Littleton, should have

and receive twenty shares of capital stock of the corporation of the par value of one thousand dollars per share, and for which there should be issued to him certificates therefor. The contract then recited that the appellee desired to secure Stonebraker in the payment of twenty thousand dollars, "the estimated value and worth to the said William B. Littleton of his said interest in the said company." The material provisions of said agreement are here transcribed:

1st. That the said William B. Littleton shall have and receive twenty shares of stock in the said Antietam Paper Company of Washington County and that certificates therefor shall be issued to him.

2nd. That the said William B. Littleton hereby acknowledges himself to be indebted unto the said John W. Stonebraker in the sum of twenty thousand dollars by reason of the ownership by him of said stock, which he promises and agrees to pay to the said John W. Stonebraker, *from and out of the dividends which may from time to time be declared to him on said stock,* he agreeing that at least one-half of the dividends declared to him thereon in each and every year shall be paid to the said John W. Stonebraker, and that the President of said company shall draw the check of the company therefor and make the same payable to the said John W. Stonebraker, and the amount thereof shall be charged against the dividends declared to the said William B. Littleton.

3rd. That the stock of the said The Antietam Paper Company and the certificates therefor to be issued to the said William B. Littleton, as aforesaid, shall be transferred and delivered by the said William B. Littleton to the said John W. Stonebraker as collateral security for the payment of the aforesaid sum of twenty thousand dollars, and shall so remain and be held by the said John W. Stonebraker until the payment by the said William B. Littleton of said sum to the said John W. Stonebraker, and thereupon the said stock shall be reassigned to the said William B. Littleton.

3rd (A). That the said John W. Stonebraker shall allow to the said William B. Littleton, interest at the rate of four per cent. per annum on all payments made by him on said indebtedness, which allowance of interest shall be credited and allowed to him as payment in the reduction of his said indebtedness.

4th. That the said William B. Littleton shall have the right to make payments in such sums and in such manner as he may desire in payment of his said indebtedness to the said John W. Stonebraker in addition to the payment herein agreed by him to be made.

5th. Should the said John W. Stonebraker die before the said William B. Littleton shall have paid his said indebtedness to the said John W. Stonebraker, the right is hereby expressly given to the said William B. Littleton to continue his payments as hereinbefore set out to the executors or administrators of the said John W. Stonebraker, *and no demand shall be made by said executors or administrators for payment otherwise than as set forth in the second paragraph hereof.*

The stock was issued to the appellee, as provided in the third item of the contract, and was placed in the hands of Stonebraker as collateral security. Dividends on the stock have been declared as follows:

| | | | | |
|---|---|---|---|---|
| July 7th, 1906 | 5%, | amounting to | | $1,000.00 |
| March 9th, 1907 | 5%, | " | " | 1,000.00 |
| June 8th, 1908 | 5%, | " | " | 1,000.00 |
| July 15th, 1909 | 4%, | " | " | 800.00 |
| March 7th, 1910 | 5%, | " | " | 1,000.00 |
| March 6th, 1911 | 5%, | " | " | 1,000.00 |
| March 4th, 1912 | 5%, | " | " | 1,000.00 |

John W. Stonebraker died in January, 1908, and by his last will and testament, which was duly admitted to probate in the Orphans' Court for Washington County, he bequeathed all money due him from the appellee for the stock mentioned to his son, John Ellsworth Stonebraker, the appellant in this appeal.

Under an order of the Orphans' Court for Washington County, the stock, which Stonebraker held as collateral for said indebtedness, was distributed in kind by the executors of his will to the appellant. One-half of the first four annual dividends was paid to John W. Stonebraker, and the other half was paid to the appellee; and one-half of the last three dividends was paid to the appellant, and the other half thereof was paid to the appellee.

The appellant sued William B. Littleton in the Circuit Court for Washington County to recover the unpaid balance due on said stock and the interest thereon.

The appellee demurred to the declaration, which contained one count only, and which set out in substance the facts we have stated. The Court sustained the demurrer interposed by the defendant to the declaration, and the plaintiff declining to plead over, judgment was entered for the defendant. The appeal before us is taken by the plaintiff from this judgment.

The appeal presents two questions and the determination of each depends upon the true construction of the contract above mentioned. The questions are: First, Can the appellant recover the unpaid balance due on the purchase price of said stock? Second, Can he recover the interest on said unpaid balance?

Reading from this contract in the light of well established canons of construction, we have no difficulty in holding that both questions must be answered in the negative. There was no serious contention made at the hearing in this Court, and we cannot see how any could have been made, that the appellant was entitled to recover the unpaid balance due on the stock. Mr. Stonebraker provided in the agreement the mode and manner in which the stock should be paid for by the appellee. The payment was to be made from and out of the dividends which may from time to time be declared to him on said stock—he agreeing that at least one-half of each annual dividend should be applied in payment of the purchase price. Until the full purchase price was paid

the stock was to be held by Mr. Stonebraker as collateral security, and when this was done the stock was to be re-assigned to Littleton.    It would appear to be perfectly manifest from the terms of the agreement that there was no obligation upon the appellee to pay for the stock, except in the method provided by the contract.    It is not alleged that the appellee had violated his obligation under the agreement by refusing to apply the part of the annual dividends as provided by the agreement to the payment of the stock, and being guilty of no breach of the contract, no cause of action has accrued in respect to the unpaid balance due on the stock.

The *general* rule is that the right of the plaintiff to recover depends entirely upon the right and title which he has at the commencement of the suit, and the non-existence of a cause of action at that time is fatal to his right to recover, and this defect is one which may be availed of by demurrer.    *Wadley* v. *Jones,* 55 Ga. 329; *Robinson* v. *Burleigh,* 5 N. H. 225; *Dean* v. *Metropolitan El. Ry. Co.,* 119 N. Y. 540; *Iselin* v. *Simon,* 62 Minn. 128; *Millet* v. *Hayford,* 1 Wis. 401.

Upon the second question presented, the contention of the appellant is that it was the intention of the parties to the agreement that the appellee should pay interest on the twenty thousand dollars, the estimated value of the stock to him, and that therefore the appellant is entitled to recover interest on the unpaid balance of the estimated value of the stock.

We discover nothing in the agreement, or the circumstances under which it was made to support this contention. The agreement does not provide for the payment of interest by the appellee, although it shows that the question of interest was considered by the parties.

Item 3A and Item 4 permitted the appellee to make additional payments on the stock in such sums and in such manner as he might desire, and Mr. Stonebraker expressly charged himself with the payment of interest at the rate of

four per cent. on any and all payments made by the appellee on his indebtedness. Under these circumstances had it been the intention of Mr. Stonebraker to charge the appellee with payment of interest it is reasonable to conclude that he would have so provided in the agreement.

To read into the contract by construction, as contended for by the appellant, an obligation on the appellee to pay interest on so large a sum of money might result in disastrous consequences to him, and this fact it is reasonable to assume was in contemplation of the parties at the time the contract was made.

The ability of the corporation to pay dividends depended upon a variety of circumstances. The conditions of the market, the cost of production, the quality of work, etc. The success of the enterprise was largely dependent upon efficient management, and the ability, skill and fidelity of the men in charge. If in consequence of inefficient management, or other causes no dividends, or small dividends were paid, or the operations of the company suspended, or the corporation should fail and be dissolved, the situation of the appellee would be deplorable indeed if he were chargeable with the payment of interest on so large a sum. It might soon result in irretrievable financial ruin to him. The appellee was in the employ of Mr. Stonebraker at the time the corporation was formed, and upon the assumption that he was an experienced, faithful and skilled man in the business it was organized to conduct, it is easily understood why Mr. Stonebraker should want him to acquire a personal interest in the company, and to make it possible for him to acquire such an interest upon favorable terms. The construction placed upon the agreement by the trial Court was, in our opinion, correct, and, therefore, the judgment will be affirmed.

> *Judgment affirmed, the appellant to pay the costs above and below.*