SAMUEL KENNEDY, APPELLEE, V. ARAH L. HUNGERFORD, APPELLANT.

FILED MARCH 27, 1923. No. 22314.

1. **Bills and Notes:** ANSWER: DEMURRER. An answer which sets forth a contemporaneous agreement varying the terms of a written contract which is the subject of the suit, but from which it does not appear, either expressly or by necessary intendment, that such agreement was oral, is not vulnerable to a general demurrer.

2. ———: ACTION: ABATEMENT. The answer to an action at law upon a promissory note pleaded in substance that the note was secured by a mortgage upon real estate, and that, at the time the note and mortgage were executed, the payee agreed with the maker that he should not be liable personally upon the note until the remedy provided by the mortgage against the land had been exhausted, and that he should only be liable for any deficiency which might result after the application of the proceeds of a sale of the land under the mortgage had been applied upon the debt. *Held* that as between the original parties such an agreement, if adequately proved, would abate the action upon the note until the condition of the agreement had been fulfilled.

3. ———: ———: ———: PURCHASER WITH NOTICE. In such a case, if the holder of the note purchased it with full knowledge of such agreement, he stands in the shoes of the original payee, and is not entitled to enforce the note until the payee himself might do so.

4. ———: ANSWER: DEMURRER. Such facts, if alleged in an answer,

and supported by adequate proof, are sufficient to constitute a defense of the nature of a plea in abatement to an action at law upon the note, and to establish that the action was prematurely brought. Such an answer is not vulnerable to a general demurrer.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*J. E. Porter,* for appellant.

*E. D. Crites* and *F. A. Crites, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ.

LETTON, J.

This was an action upon a promissory note signed by the defendant, Hungerford, and payable to Joseph Acker. Plaintiff alleges that the note is past due and unpaid, and that he was a purchaser in good faith before maturity.

The answer of the defendant, Hungerford, is of the nature of a plea in abatement. In substance, it is to the effect that Hungerford is a real estate broker; that defendant Acker was the owner of a tract of land which he desired to sell; that Acker, desiring to remove from the state, conveyed the land to Hungerford as a nominal purchaser for the purpose of sale by Hungerford; that Hungerford gave to Acker the note in suit secured by a mortgage upon the real estate; that Acker and Hungerford agreed that Hungerford should not be liable personally upon the note until Acker had exhausted the remedy given by the mortgage against the land, or its purchaser if sold, and should only be liable for any deficiency, and that the land had been sold to one Finney who had assumed and agreed to pay the debt and is able to pay it. It is also alleged that before plaintiff purchased the note he had full knowledge of this agreement, and that he is not entitled to enforce the note against Hungerford until he has exhausted his remedy against the land and its purchaser. A gen-

eral demurrer to the answer was sustained and judgment rendered for plaintiff. Defendant appeals.

There can be no question but that, if adequate proof were made in an action between the original parties to the note and mortgage, that they had entered into such an agreement at the time of the making of the instrument, such an agreement would be valid and enforceable. Of course, in the absence of such an agreement there is no obligation upon the part of the mortgagee to foreclose the mortgage before beginning an action at law upon the note which it is given to secure. *Grable v. Beatty,* 56 Neb. 642; *Meehan v. First Nat. Bank,* 44 Neb. 213.

The question presented here is whether such an agreement has been sufficiently pleaded. In the *Grable* case the defendant pleaded various provisions of the mortgage, and alleged that the mortgagee agreed with defendant that if default was made he would foreclose the mortgage on said real estate and sell the same to pay said debt, "all of which the plaintiff well knew when he purchased said note, *as shown by said special stipulations* so accepted by him from said Green." The court said: "By the foregoing allegation it was evidently the intention of the pleader to state a conclusion deduced by him from the facts antecedently averred. Those facts do not sustain his conclusion," meaning that the pleader relied upon the mortgage to set forth the agreement, and that no such agreement was contained among its provisions. The case does not hold that competent evidence of a contemporaneous written agreement could not be received to establish the fact alleged.

Some courts hold that an allegation that parties entered into a contract, without stating whether it was oral or in writing, is sufficient in *any* pleading. *Bradford Investment Co. v. Joost,* 117 Cal. 204; *Tucker, Exrx. v. Edwards,* 7 Colo. 209. Others hold that such an allegation in a declaration, or petition, is sufficient against

Kennedy v. Hungerford.

a demurrer, but is insufficient in an answer, where the contract, or agreement, pleaded is void unless it is in writing (*Reinheimer v. Carter*, 31 Ohio St. 579), the reason given for the latter view being that defendant must plead facts which disclose to the court a valid defense to plaintiff's cause of action, and that an agreement not shown to be valid on the face of the plea is no defense. But it seems to us that a petition which fails to allege a valid contract, when the law requires it to be in writing, is equally faulty. Such an agreement if not in writing might violate the rule which prohibits parol evidence to vary the terms of a written contract, and of course this objection might be waived if not made at the trial. The plea in the answer is sufficient to admit proof that the agreement was in writing. If information as to whether the agreement was in fact in writing was desired, a motion for more specific statement should have been made. We cannot assume that the defendant will be unable to establish the existence of such an agreement by competent evidence. *Tablet & Ticket Co. v. Le Feber*, 4 Neb. (Unof.) 105.

If the plaintiff was a holder of the note in due course, with no notice of any infirmity in the instrument, or defect in the title of the person negotiating it, then such an agreement between the original parties would not affect his rights. Comp. St. 1922, sec. 4663. But under section 4666: "The title of a person who negotiates an instrument is defective * * * when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." And by section 4667: "To constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his actions in taking the instrument amounted to bad faith." If such an agreement was made, as the demurrer admits, then Acker, who negotiated the note,

did so in breach of faith, or under such circumstances as to amount to a fraud upon Hungerford, unless he communicated all the facts to the plaintiff. Plaintiff is deemed *prima facie* to be a holder in due course, but if it is admitted that the title of Acker was defective, to plaintiff's knowledge, the same defense can be made against him as could be made against Acker.

It is not claimed that there is any defense to the merits. Defendant states that the owner of the land is ready and willing to pay the debt, but desires a release of the mortgage. While it is true, as plaintiff argues, that if Hungerford paid the judgment he would be subrogated to the mortgage lien, this would impose upon him the burden of bringing foreclosure proceedings if Finney failed to pay. This he attempted to be relieved from by the agreement with Acker. We cannot hold that the facts pleaded, if sustained by evidence, do not entitle him to an abatement of the action at law until the proceeds of a sale of the land are exhausted. Plaintiff insists that the answer does not allege that plaintiff has not exhausted his remedy against the land, and against the purchaser. It does not do so in so many words, or in strict terms; but considering the answer as a whole, it is sufficient upon that point.

The judgment of the district court is reversed and the cause remanded.

REVERSED.