TOMLINSON *v.* IMPERIAL HOTEL CORPORATION.

Judgment—Summary Judgment—Sufficiency of Affidavits of Merit.

> In an action on a promissory note, plaintiff's motion for summary judgment under 3 Comp. Laws 1915, § 12581, should have been denied where defendant filed affidavits of merit in opposition thereto, showing facts within the knowledge of affiants and to which they could testify in support of defendant's claim of set-off, which are sufficient, under Circuit Court Rule No. 34, as amended, to constitute a meritorious defense.

Error to Wayne; Merriam (DeWitt H.), J. Submitted October 17, 1928. (Docket No. 21, Calendar No. 33,902). Decided December 4, 1928.

Assumpsit by Lena H. Tomlinson against the Imperial Hotel Corporation on a promissory note. Summary judgment for plaintiff. Defendant brings error. Reversed.

*Dennis Boyle* (*Edmund E. Shepherd,* of counsel), for appellant.

*Paul R. Dailey,* for appellee.

Sharpe, J. Plaintiff's action was brought to recover on a promissory note given her by defendant. Defendant's plea was accompanied by a notice of set-off. On plaintiff's demand it filed a bill of particulars on August 18, 1925, in which it claimed in specific items that plaintiff was indebted to it for moneys which had come into her hands as bookkeeper and auditor for defendant, and which she had failed to account for, in the sum of $2,405.83. The

execution of the note was not denied. On October 1, 1925, plaintiff moved for a summary judgment. Defendant filed an affidavit of merits and with it a supplemental bill of particulars, in which the money claimed to be due under its set-off, amounting to $2,168.09, was more particularly itemized. The record fails to disclose any action taken on this motion, but it is said to have been denied. On January 3, 1926, plaintiff filed a motion to advance the cause for hearing, filing affidavits in support thereof. This motion was denied. On April 4, 1928, she filed a motion for summary judgment, accompanied by an affidavit in support thereof, in which she averred "that she believes that the plea heretofore filed by said defendant was solely for the purpose of delaying this action." Defendant filed three affidavits in opposition thereto. The assistant treasurer of defendant deposed in part:

"That the plaintiff was formerly employed as bookkeeper of said corporation, and upon an audit of the plaintiff's books and accounts it was found that the entire daily receipts were not deposited in the bank used for that purpose and that the discrepancies in the bank deposits and cash sheets amount to two thousand three hundred and seventy ($2,370.22) dollars and 22/100 and upwards covering the seven months' period.  *  *  *
"Deponent further states that plaintiff has knowledge of these discrepancies and has made no reply thereto or explanation thereof."

The affidavit of defendant's president stated that he hired plaintiff "as bookkeeper, cashier and auditor;" that she had "sole charge of the books, records and invoices of the corporation;" that it was her duty "to deposit the daily receipts in the bank account kept for that purpose to the credit of the

corporation," and "to balance the books and accounts and make daily reports of the business of the corporation;" that she was dismissed from such employment "owing to the many infractions of the duties which devolved upon her;" that he employed the services of an auditor, and from his report it was found "that there existed discrepancies in the daily bank deposits not in harmony with the cash book entries." The amounts thereof for several months were then stated. He also deposed that when plaintiff left defendant's employ she owed it $58 for restaurant charges and $450 for room rent.

The affidavit of the auditor stated that from an examination of the books of defendant kept by plaintiff he found shortages in the moneys deposited by plaintiff in excess of $4,000, and listed the amount thereof for each month.

The motion for summary judgment was granted and judgment entered for plaintiff for the amount of the note and interest thereon. Defendant thereupon moved to set it aside and for a new trial. This motion was denied. It here seeks review by writ of error.

Section 12581, 3 Comp. Laws 1915, provides that at any time after a cause arising upon contract, judgment, or statute shall be at issue, the plaintiff may move for a summary judgment unless the defendant shall file an affidavit of merits. The question here presented is whether the affidavits filed by defendant are sufficient under the requirements of Circuit Court Rule No. 34, as amended to take effect September 1, 1926 (233 Mich. xxxiii). The amendment added the following:

"The facts so stated shall be the personal knowledge of the affiant, shall be set forth in the affidavit with particularity, and the affidavit shall show af-

firmatively that the affiant, if sworn as a witness, can testify competently thereto.

"If all facts relied upon as tending to establish such meritorious defense are not within the personal knowledge of one person, then such as are not within the knowledge of the person making the affidavit of merits shall be supported by the affidavit of persons qualified as above, and said supporting affidavits shall be drawn with like particularity."

Each of the affidavits contained an averment that the affiant had knowledge of the facts therein stated, and, if sworn as a witness, could testify thereto. Had the books kept by plaintiff been produced in court, and the affiants as witnesses testified to the facts stated in their affidavits, it seems clear that, in the absence of a satisfactory explanation by plaintiff, an issue would be presented for the jury to determine. It cannot be said as a matter of law from a consideration of the affidavits that defendant has not a "real defense to the action." *Webster & Co.* v. *Pelavin,* 241 Mich. 19. See, also, *Barsky* v. *Katz,* 241 Mich. 63, and *Smith* v. *Applebaum,* 241 Mich. 493.

The judgment is reversed and set aside and a new trial granted, with costs to appellant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.