DEMPSEY v. LANGTON.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—COURT
   RULES.
   Affidavit of merits complied with Court Rule No. 30, § 3 (1931),
       where it consisted of defendant's statements of facts she ex-
       pected to prove that were admissible in evidence under the
       pleadings.

2. SAME—SUMMARY JUDGMENT—SUFFICIENCY OF AFFIDAVIT OF MERITS.
   Summary judgment may not be awarded plaintiff unless the truth
       being granted as to all facts alleged in defendant's affidavit
       of merits, plaintiff would still be entitled to recover.

3. ABATEMENT AND REVIVAL—RIGHT OF ACTION.
   An action prematurely brought must be abated even though the
       right of action has matured before trial.

4. JUDGMENT—SUMMARY JUDGMENT—QUESTION OF FACT.
   Defendant is entitled to trial of disputed question of fact as to
       whether action was prematurely brought.

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted January 3, 1934. (Docket No. 16, Calendar
No. 37,464.) Decided March 6, 1934.

Assumpsit by Jane Dempsey against Sara T.
Langton and another, individually, and as doing
business as Therese Company, on the common counts
for money had and received. From summary judg-
ment for plaintiff against defendant Langton, the
latter appeals. Reversed, and remanded for trial.

*Devine, Kent & Devine (Fred P. Hibbard,* of coun-
sel), for plaintiff.

*Marlin J. W. Campbell,* for defendant Langton.

EDWARD M. SHARPE, J. This is an appeal by the defendant Langton from a summary judgment granted by the Honorable Clyde I. Webster, a circuit judge of Wayne county, in favor of the plaintiff for the amount of plaintiff's claim, interest and costs.

The record in this case shows that the defendant Langton was and is the sole owner of "The Therese Co.;" that sometime prior to September 25, 1932, she was negotiating with the plaintiff Dempsey either for the loan of $950 or for the purchase by the plaintiff of the defendant's business by making a cash payment of $950, defendant to have the use of the money until February 15, 1933, when said sum would be applied on the purchase price or be returned to plaintiff if plaintiff decided not to buy.

As a result of these negotiations plaintiff paid defendant $600 as evidenced by check dated September 25, 1932, and $350 as evidenced by check dated October 5, 1932. Defendant gave plaintiff her note in the sum of $950 dated September 25, 1932, and payable February 15, 1933. This note was returned by plaintiff to defendant on November 17, 1932.

December 14, 1932, plaintiff brought suit in the court below for money had and received, declaring on the common counts and on the two cancelled checks above mentioned. In her declaration plaintiff states that the money is due upon request, while the defendant answers that the money is not due until February 15, 1933. On May 17, 1933, plaintiff filed an affidavit in support of her motion for summary judgment and on May 27, 1933, defendant filed an affidavit in denial of plaintiff's motion for summary judgment. Judgment was entered May 27, 1933, in favor of plaintiff.

Two questions are involved in this case. First, did the defendant's affidavit of merits filed May 27,

1933, comply with Court Rule No. 30, § 3 (1931), then in force? Second, was it proper to grant a summary judgment under the facts in this case, where under defendant's answer and affidavit of merits no cause of action existed at the time suit was started although a cause of action did exist before the summary judgment was granted?

Section 3 of Court Rule No. 30 (1931), provides that an affidavit of merits "shall not consist of conclusions but of such facts as would be admissible in evidence; and shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

The defendant's affidavit of merits filed May 27, 1933, contains the following:

"That it was understood and agreed by and between the said plaintiff and this deponent that the said sums of money were to be used in the business of the 'Therese Company' until the 15th day of February, 1933, at which time th'e plaintiff had agreed to pay the balance of the $10,000 for the 'Therese Company' or have the return of the money she had deposited.  *  *  *

"Deponent further says that shortly after the plaintiff agreed to purchase the 'Therese Company' and after she had deposited the sum of $950 with this deponent the plaintiff requested that this deponent give her a promissory note in payment of the sum of $950. That this deponent granted the request of the plaintiff and executed a promissory note in the said sum of $950, a copy of which note is attached hereto and marked defendant's exhibit A, and delivered the same to the plaintiff.  *  *  *

"This deponent further says that the plaintiff accepted the promissory note in payment of the said sum of $950 and retained it for a period of about four weeks or until about the 17th day of November,

1932, at which time it was returned to this deponent by Alan Devine, attorney for the plaintiff. That this deponent immediately tendered the note back to the plaintiff but she refused to accept it.''

In our opinion these statements above quoted are not conclusions but are statements made by the defendant of what she expected to prove and as such under the pleadings in this case were admissible in evidence. We must therefore find that the defendant's affidavit of merits did comply with Court Rule No. 30, § 3 (1931).

As to the second question, this court has repeatedly held that it is improper to grant a summary judgment where there is a dispute as to the facts. In other words, a summary judgment in favor of the plaintiff may not be given unless, granting the truth of all the facts alleged in the defendant's affidavit of merits, plaintiff would still be entitled to recover. *Tomlinson* v. *Imperial Hotel Corporation,* 245 Mich. 52; *Peoples Wayne County Bank* v. *Wolverine Box Co.,* 250 Mich. 273 (69 A. L. R. 1024); *Caswell* v. *Stearns,* 257 Mich. 461; *Cohen* v. *Peerless Soda Fountain Service Co.,* 257 Mich. 679; *Cass* v. *Washington Finance Co.,* 263 Mich. 440. As stated by Justice FEAD in *Baxter* v. *Szucz,* 248 Mich. 672, 675:

''The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or part of his demand.''

The propriety of a summary judgment was again at issue in *Hart & Crouse Co.* v. *Pelavin,* 257 Mich. 637, where Justice BUTZEL said at page 639:

''A question of fact is raised whether proper notice of dishonor and presentment were not neces-

sary in order to charge defendant. He claims that there was a complete novation of the debt and that the instrument was not made or accepted for his accommodation and therefore notice of dishonor was not dispensed with.  *  *  *  Even if this were not true, there is no showing whatsoever that he had any reason to expect that the instrument would not be paid if presented and therefore presentment not required.  *  *  *  Questions of fact thus arise and a summary judgment should not have been rendered.''

In the present case the plaintiff would not have been entitled to recover if the facts as alleged by the defendant were proved. This court has held that it is a complete defense if plaintiff had no cause of action at the time the suit was brought, even though a right of action existed at the time of the trial. *Hovey* v. *Sebring,* 24 Mich. 232 (9 Am. Rep. 122); *Moyer* v. *Scott,* 30 Mich. 345; *Schwier* v. *Atlas Assurance Co.,* 227 Mich. 104. See, also, *Lamberton* v. *Pawloski,* 248 Mich. 330; *Soo Sand & Gravel Co.* v. *M. Sullivan Dredging Co.,* 259 Mich. 489.

The general rule is that an action prematurely brought must be abated even though the right of action has matured before trial. *American Bonding & Trust Co.* v. *Gibson County,* 76 C. C. A. 155 (145 Fed. 871, 7 Ann. Cas. 522); *City of Trinidad* v. *Hokasona,* 102 C. C. A. 421 (178 Fed. 438); *Jones* v. *Dyer,* 92 Ark. 460 (123 S. W. 757); *Rodgers* v. *Wise,* 106 Ark. 310 (153 S. W. 253, 43 L. R. A. [N. S.] 1009); *Beekhuis* v. *Palen,* 76 Cal. App. 680 (245 Pac. 795); *Walter H. Goodrich & Co.* v. *Friedman,* 92 Conn. 262 (102 Atl. 607); *Crosby* v. *Georgia Realty Co.,* 138 Ga. 746 (76 S. E. 38); *Bacon* v. *Schepflin,* 185 Ill. 122 (56 N. E. 1123); *Stonebraker* v. *Littleton,* 119 Md. 173 (86 Atl. 150); *Kennedy* v. *Hungerford,* 110 Neb. 22 (192 N. W. 959); *Titus* v. *Gunn,* 69

N. J. Law, 410 (55 Atl. 735); *Boggess* v. *Bartlett,* 72 W. Va. 377 (78 S. E. 241).

In the instant case there was a dispute as to the time the claim became due and payable although under either version of the facts the right of action had matured before trial. However, under the foregoing authorities, if defendant's story is correct, it is a complete defense to plaintiff's suit. Whether or not the action was premature is a question of fact on which the defendant is entitled to a trial. The judgment of the circuit court must therefore be reversed and the case remanded, with costs to the defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.