HART & CROUSE CO. *v.* PELAVIN.

1. BILLS AND NOTES—INDORSER—PRESENTMENT.
   Presentment for payment is necessary in order to charge indorser, and it must be made on date note falls due (2 Comp. Laws 1929, §§ 9319, 9320).

2. SAME—EXCUSING FAILURE TO PRESENT.
   In absence of showing that indorser had any reason to expect that instrument would not be paid if presented, failure to present is not excused under 2 Comp. Laws 1929, § 9329, as affecting indorser's liability.

3. JUDGMENT—SUMMARY JUDGMENT—BILLS AND NOTES—QUESTION OF FACT.
   Where, in action on promissory note, question of fact is raised by affidavit of merits and notice of protest whether notice of presentment and dishonor were necessary in order to charge indorser, summary judgment should not have been rendered against him.

Appeal from Wayne; Gilbert (Parm C.), J., presiding.    Submitted January 5, 1932.    (Docket No. 24, Calendar No. 35,781.)    Decided April 4, 1932.

Assumpsit by Hart & Crouse Company, a New York corporation, against Harry J. Pelavin and others on a promissory note.    Summary judgment for plaintiff.    Defendant Greenberg appeals.    Reversed, and remanded for trial on the merits.

*Walsh, Bebout, Hill & Lee,* for plaintiff.

*Seymour J. Frank* (*Norman Rom,* of counsel), for defendant Greenberg.

BUTZEL, J.    J. L. Fuller Company, a Michigan corporation, sold to Max Greenberg, a plumbing con-

tractor, equipment installed by him in property belonging to Harry J. Pelavin. All three parties met subsequently and the amount due was agreed upon, and on October 24, 1924, Fuller Company accepted in part payment a 30-day note for $1,583.70, signed by Pelavin, and indorsed by Greenberg. The note was not paid. Plaintiff, Hart & Crouse Company, a New York corporation, claiming to be a holder in due course, brought suit against Pelavin, the maker, Fuller, the payee, and Greenberg, the indorser. On motion for summary judgment, John L. Fuller filed an affidavit stating that he was president of the Fuller company, which represented the plaintiff and sold its products; that the note had been duly indorsed to plaintiff, placed with the bank for collection, and that on the 24th day of November, or very shortly thereafter, the Fuller company received notice from the bank that the note had not been paid and had been regularly protested; that on November 29, 1924, affiant had written on behalf of plaintiff to Greenberg, at 8416 Linwood avenue, Detroit, notifying him that the note was unpaid and had been protested; that Greenberg told him shortly afterwards that he knew that the note had not been paid and had been protested; that the note had been given in payment of the amount due to the Fuller company from Greenberg for equipment that went into the construction of the building owned by Pelavin. Defendant Greenberg, who appeals from the summary judgment rendered in plaintiff's favor, filed an affidavit of merits, showing that he received no notice of protest nor any letter whatsoever notifying him of the nonpayment of the note; that his address is 8424 Linwood avenue, and not 8416 Linwood avenue; that he did not learn of the nonpayment of the note until 1925, when he ascertained that

Pelavin had given a quitclaim deed of property in Detroit as security to the payee of the note; that affiant had been a plumbing contractor in Detroit for many years, but the notice of protest which was introduced showed that it had been addressed to him at Utica, New York, where he never resided or had a place of business; that the note had been accepted by the payee in payment of materials that went into Pelavin's property and affiant had become an ordinary indorser, only assuming an indorser's liability, and without relinquishing the statutory presentment or notice of dishonor.

The notice of protest shows that the note was not presented for payment until November 25, 1924, one day after maturity, and that no notice of dishonor was sent to Greenberg at his known address. Presentment for payment is necessary in order to charge an indorser. 2 Comp. Laws 1929, § 9319. It must be made on the date the note falls due. 2 Comp. Laws 1929, § 9320. The certificate of protest shows that it was not presented on the day the note fell due. Plaintiff attempts to excuse proper presentment by claiming that under 2 Comp. Laws 1929, § 9329, it is not required in order to charge an indorser where the instrument was made or accepted for his accommodation, and he has no reason to expect that the instrument will be paid if presented. The affidavits show that the note was not presented on the due date and the appellant did not receive prompt notice of dishonor.

A question of fact is raised, whether proper notice of dishonor and presentment were not necessary in order to charge defendant. He claims that there was a complete novation of the debt, and that the instrument was not made or accepted for his accom-

modation, and therefore, notice of dishonor was not dispensed with under 2 Comp. Laws 1929, § 9364. Even if this were not true, there is no showing whatsoever that he had any reason to expect that the instrument would not be paid if presented, and therefore presentment not required under 2 Comp. Laws 1929, § 9329. Questions of fact thus arise, and a summary judgment should not have been rendered. The judgment is reversed, with costs to defendant, and the case remanded for trial on the merits.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.