CASS v. WASHINGTON FINANCE CO.

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—NOTICE OF WANT OF CONSIDERATION—STATUTES.

One speculating in instruments negotiable in form is not entitled to protection of negotiable instruments law, where he had knowledge that they were void for want of consideration at time of their acquisition (2 Comp. Laws 1929, § 9305).

2. JUDGMENT—SUMMARY JUDGMENT ERRONEOUS WHERE AFFIDAVIT OF MERITS RAISED QUESTION OF FACT.

Where, in action on promissory note, on plaintiff's motion for summary judgment, defendants' affidavit of merits raised question of fact, entry of summary judgment was erroneous.

Appeal from Wayne; Chenot (James E.), J. Submitted April 5, 1933. (Docket No. 10, Calendar No. 36,518.) Decided June 5, 1933.

Assumpsit by Gerson Cass against Washington Finance Company, a Michigan corporation, and another on a promissory note. Summary judgment for plaintiff. Defendants appeal. Reversed, and new trial granted.

*Charles I. Schlissel,* for plaintiff.

*Harry Cohen (Samuel C. Halpert,* of counsel), for defendants.

Potter, J. Plaintiff sued defendants on a promissory note as follows:

                                    "July 18, 1928.
"On September 2, 1931, we promise to pay to the order of Ohio Boulevard Land Company, Two Thousand Two Hundred ninety-seven and 73/100 ...................Dollars at Griswold First State Bank.
"Value received with interest at the rate of six per cent. per annum.
                    "Washington Finance. Co.
          "By:    Henry Friedman, Pres.
                  "A. A. Foreman, Treas.
                  "105 Colorado Avenue."

Indorsements on back of note:

"Henry Friedman,
     "105 Colorado.
"Ohio Boulevard Land Co.,
     "1201 Lafayette Bldg.
"By:  Julius Berman, Pres.
"Julius Berman,
     "1201 Lafayette Bldg.
"Pay Peoples Wayne County Bank
     "2754 Detroit, Mich., or order
     "G. Cass
"904 Detroit Savings Bank Bldg."

This note is stamped:

"Protested for nonpayment, Sept. 2, 1931, Anthony J. Schulte, Notary Public, Wayne county, Michigan."

Defendants answered, admitting the execution of the note, but alleging: It was understood and agreed between N. M. Lerner and N. M. Lerner Construction Company and the Ohio Boulevard Land Company, of which Julius Berman and N. M. Lerner were substantial owners, that the note was not to be negotiated to any person whatsoever, and was not to be paid by the Washington Finance Company unless and until a certain note executed by N. M. Lerner to the Washington Finance Company was first paid; and plaintiff was informed of the fact that such note was given upon such terms and conditions. Defendant Henry Friedman denied the note was presented for payment to him or protested as to him. Defendants admitted nonpayment of the note, but denied it was to be paid unless and until the conditions above set forth were fully performed by N. M. Lerner, of which fact plaintiff was fully informed, and plaintiff was warned by several persons not to accept the note sued upon. Motion for summary judgment was made and subsequently amended motions and affidavits for summary judgment were made and filed. An affidavit of merits in opposition to plaintiff's motion for summary judgment was filed, signed by Henry Friedman, who deposed: That he was formerly president of the Washington Finance Company and so known by plaintiff; that plaintiff Cass stated to deponent he had been offered the note in suit and inquired what the consideration for the note was; that deponent informed plaintiff that the payment of the note was

conditional upon the payment of a note executed by
N. M. Lerner to the Washington Finance Company
and advised plaintiff not to buy or accept the note,
and plaintiff said he would not.    Deponent also
stated that he informed plaintiff of the indebtedness
of N. M. Lerner to the Washington Finance Com-
pany in the sum of $9,700, which had been reduced
to $9,351.32; that he informed plaintiff the note to
the Ohio Boulevard Land Company was to guar-
antee to it the refund of any amount it would receive
over and above the amount it had coming from
N. M. Lerner; that N. M. Lerner and Julius Berman
were the owners of the controlling interest in the
Ohio Boulevard Land Company; that one A. Cohen
was indebted to the Ohio Boulevard Land Company
and gave it a series of notes; that N. M. Lerner
desired the Ohio Boulevard Land Company to turn
over a certain portion of such notes to the Washing-
ton Finance Company in payment of his indebted-
ness; that an arrangement was entered into between
Julius Berman and N. M. Lerner representing the
Ohio Boulevard Land Company and one Albert A.
Foreman on behalf of the Washington Finance
Company; that the Washington Finance Company
did not receive any amount above the $9,351.32 but
that subsequent to the transaction A. Cohen, the
maker of the notes in the sum of $11,851.32, was al-
lowed by the Ohio Boulevard Land Company a dis-
count of $2,000 in consideration of paying his notes
before their maturity; that plaintiff knew the Wash-
ington Finance Company was in a state of dormancy
and doing no business; that plaintiff did not obtain
said note in good faith, nor in due course, nor for
a valuable consideration, nor without notice of the
foregoing facts, and did not part with a valuable
consideration therefor to said Julius Berman, but

plaintiff is an accommodation plaintiff for said Julius Berman and not the real party in interest; that plaintiff and the Ohio Boulevard Land Company and Julius Berman confederated and conspired with Albert A. Foreman, an officer of the Washington Finance Company at the time the note was given, in allowing Foreman a secret profit at the time the notes were picked up by the said Cohen without the knowledge or consent of any other member of the Washington Finance Company. It is claimed the court was in error in entering judgment for plaintiff, in refusing to hold that the facts alleged in defendants' amended affidavit of merits raised an issue of fact for trial upon the merits, and in refusing to hold that the plaintiff's inconsistent pleadings raised an issue of fact.

This court has manifested great liberality in construing 2 Comp. Laws 1929, § 9305, to protect those dealing in commercial paper, but it has not yet held that this statute may be converted into an instrument for the protection of those speculating in instruments negotiable in form and known by the purchaser thereof to be void for want of consideration at the time of their acquisition. The pleadings and affidavit of merits raised a question of fact and the entry of summary judgment was erroneous.

Judgment reversed, with costs. New trial granted.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.