DOUGLAS *v.* MILBRAND.

1. JUDGMENT—SUMMARY JUDGMENT—SUFFICIENCY OF ALLEGATIONS. IN AFFIDAVIT OF MERITS.

Statements in defendant's affidavit of merits, filed in opposition to motion for summary judgment in action for balance due on a contract for lathing and plastering, that plaintiff was not entitled to amount claimed because of facts set forth in defendant's answer and his notice of setoff and recoupment and because plaintiff had failed to perform his contract to the entire satisfaction of defendant, taken alone, would be insufficient to counteract affidavits in support of motion.

2. SAME—AFFIDAVIT OF MERITS—SUFFICIENCY.

In action for balance due on contract for lathing and plastering wherein plaintiff sought summary judgment, defendant's affidavit of merits stating that a certain room was not completely finished, denying agreement to pay alleged sum for additional extras, denying acceptance of the job or expression of satisfaction therewith and pointing out specific defects caused by plaintiff, entitled defendant to a regular trial on the merits.

3. SAME—AFFIDAVIT OF MERITS—CONCLUSIONS.

An affidavit of merits which merely states conclusions of the affiant and fails to present issues of fact would not entitle a defendant to a trial on the merits.

4. SAME—SUMMARY JUDGMENT—AFFIDAVITS—PRESENTATION OF IS-SUES OF FACT.

Irrespective of whether a trial judge believes an affidavit in support of a motion for a summary judgment rather than the affidavit of merits filed in opposition thereto, where the latter squarely presents issues of fact, the defendant is entitled to a regular trial on the merits.

Appeal from Wayne; Murphy (George B.), J. Submitted May 5, 1942. (Docket No. 97, Calendar No. 42,014.) Decided June 10, 1942.

Assumpsit by Daniel Douglas against Otto Milbrand for sums due on a written contract and on an open account. Setoff and recoupment by defendant. From order granting plaintiff summary judgment in part, defendant appeals. Reversed.

*McDonnell & McDonnell*, for plaintiff.

*Samuel W. Barr* (*Samuel H. Rubin*, of counsel), for defendant.

BUTZEL, J. Defendant agreed in a written contract to pay plaintiff $7,500 to do certain lathing and plastering in accordance with plans and specifications to the satisfaction of defendant and the architect. Extras amounting to $300 were ordered in writing by defendant. It is conceded that extras costing $35 were also agreed upon. Defendant made payments amounting to $5,800. It is also conceded that plaintiff would be entitled to the sum of $2,035 on the contract and for extras agreed upon if he has carried out the terms of his contract. He brought suit to recover this balance, and also the sum of $852 as the reasonable costs for additional extras.

Defendant in his answer denied owing any of these amounts. He filed a claim for setoff and recoupment in the sum of $5,000.

On a motion for summary judgment, the trial judge entered a partial judgment for $2,035 and ordered that plaintiff's further claim of $852 for extras await trial. The sole question presented herewith is whether or not the affidavits of and for plaintiff in support of his motion for summary judgment and the affidavit of merits for defendant present issues of fact so that no summary judgment should have been granted.

Plaintiff in his affidavit for summary judgment claims that the balance of $2,035 was due on the

original contract and for extras agreed upon, and that also the additional sum of $852 was due for work furnished, not called for in plans and specifications, but necessary to complete the building; that all the work was done in good faith and accepted without reservation by defendant; that the sum of $852 is the fair and reasonable value of such additional extra work; that defendant took possession of the building, expressed his satisfaction, told plaintiff and others that plaintiff had done a fine job and that he would pay him as soon as he could and requested that payments be accepted over a period of time; that any discoloration or other defect in the work was due solely to water that came through faulty construction of the roof of the building which had not been built water tight and that defendant had acknowledged this to plaintiff.

In an accompanying affidavit, an architect stated that he had examined the building, found the lathing and plastering to be a first class job; that certain areas of discoloration came from an outside source not related to the plastering or materials used, that he was informed and believed that it came from rain water leaking on to the plastering after its completion; that one portion of the plastering, approximately 12 square yards, presents a lighter appearance in color but this might be due to extrinsic or intrinsic causes which only could be determined by laboratory tests; and that the cost of refinishing the discolored areas would not exceed $35; that he had examined the architectural plans and specifications and that they do not include the work for which the sum for additional extras was charged. Another affidavit was to the effect that the sound-proofing materials used for the bowling alleys was specified by defendant's architect; that it was properly mixed and applied by plaintiff; that the completed job was

a good workmanlike one; that the affiant visited the bowling alleys after the job was completed, and that defendant made no complaints whatsoever. Two officers of labor unions gave supporting affidavits stating that the plastering was properly done in accordance with the best practice of the trade. Another affidavit stated that defendant had told the affiant that plaintiff had done a good job.

In the affidavit of merits, defendant admitted that according to the contract price and extras agreed upon, a balance of $2,035 would be due but that plaintiff was not entitled to such amount because of facts set forth in his answer and also his notice of setoff and recoupment and because plaintiff had failed to perform his contract to the entire satisfaction of defendant. Such statements alone would be insufficient to counteract plaintiff's affidavits. However, the further and positive allegations raised issues of fact. Defendant further stated in his affidavit that plaintiff had failed to complete the plastering and lathing of a room known as the "Club Room," as required by the plans and specifications, and that it would cost $750 to do the lathing and plastering of this room; that defendant never agreed to pay plaintiff the sum of $852 for additional extras and that all of the work was included in the original plans, specifications, details and drawings. Defendant further denied that he accepted the job or took possession of the building inasmuch as he was at all times in possession of his own property. He further stated that because of the long period it took for the plaster to dry, defendant was unable to see the defects which he now complains of, and that, in this connection, at no time did he state to others that the job was completed in accordance with his desires and to his complete satisfaction; that while defendant did recommend that certain

sound-proofing material be used, plaintiff failed to use the proper proportions; that there were large cracks and openings throughout the building, and that there were certain portions thereof which plaintiff failed to cover; that there were huge discolorations of the plaster, lines were uneven and edges crooked; that the discolorations were not caused by the roof; that defendant is in the roof construction business and placed the best kind of roof on the building and that it was free from leaks such as would cause the discoloration of the plaster; that defendant's damages are in excess of the amount claimed by plaintiff; and that the trial will result in a judgment in favor of defendant instead of plaintiff.

Defendant's affidavit of merits squarely presents issues of fact. Irrespective of whether the trial judge believed the affidavits ' of and in behalf of plaintiff rather than that of defendant, the latter was entitled to his day in court and a regular trial on the merits. Obviously issues of fact are presented. The trial judge relied largely on *Terre Haute Brewing Co., Inc.,* v. *Goldberg,* 291 Mich. 401, wherein the plaintiff in his affidavit for summary judgment also stated that at no time did defendant dispute plaintiff's claim. Defendant in his affidavit of merits did not deny this fact but relied solely upon a claim of setoff and recoupment in an amount in excess of plaintiff's claim and arising out of damages because of a breach of an alleged oral agreement to renew a contract for two years, such oral contract obviously being within the statute of frauds and void. We are not confronted with such a situation in the instant case wherein questions of fact are squarely raised.

The judgment is reversed, with costs to defendant, and the case remanded to the trial court where the

issues together with the others raised by the pleadings may be tried.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.