### YOUNG v. INTERNATIONAL HARVESTER CO.

1. SHERIFFS AND CONSTABLES—DAMAGED REPLEVINED CHATTELS—PARTIES.

   Sheriff was a proper party defendant in action by parties whose chattels, seized in an action of replevin, were claimed to have been returned in a damaged condition since his liability for damages is a matter for determination after consideration of the law and facts (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931).

2. SAME—PARTIES—SERVICE OF PROCESS.

   In action against sheriff for damages to goods which had been seized by him in an action of replevin and returned in a damaged condition, it was proper to include as defendants all who may be severally or jointly and severally liable and serve process upon them anywhere in the State if service is had upon the sheriff in his county (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931; §§ 14023, 14090).

3. LIMITATION OF ACTIONS—ACCRUAL OF CAUSE OF ACTION.

   Cause of action for damages to plaintiffs' property seized in action of replevin and returned in damaged condition could not accrue before plaintiffs had actual knowledge of damage to their property and not later than the date it was returned

to them (3 Comp. Laws 1929, § 13976, as last amended by
Act No. 193, Pub. Acts 1937).

4. Sheriffs and Constables—Damaged Replevined Chattels—
Date of Return—Question of Fact.
Where date when sheriff returned replevined chattel to plaintiffs
herein was in dispute and was a controlling issue of fact
as to sheriff upon whom liability was sought to be imposed
for damages to replevined property, it was error to grant mo-
tion to dismiss, for doing so was tantamount to granting a
summary judgment in the face of a disputed question of fact.

Appeal from Lapeer; George (Fred W.), J., pre-
siding. Submitted October 13, 1942. (Docket No.
83, Calendar No. 41,669.) Decided April 6, 1943.

Case by Earl Young and others against Interna-
tional Harvester Company, a foreign corporation,
and another. Case dismissed on motion. Plaintiffs
appeal. Reversed and remanded.

*John F. Jordan,* for plaintiffs.

*Cook & Cook,* for defendant International Har-
vester Co.

*Leo J. Carrigan,* for defendant Carrigan estate.

Bushnell, J. This is a tort action by plaintiffs
against defendants George Carrigan, sheriff of La-
peer county, and International Harvester Company,
a foreign corporation. It is claimed that certain
farm implements, which were the subject matter of
an action of replevin, determined in *International
Harvester Co.* v. *Young,* 288 Mich. 436, were re-
turned in a damaged condition.

Summons was served upon the sheriff in Lapeer
county and upon defendant Harvester Company at
its branch office in the city of Saginaw, Saginaw
county, and upon The Corporation Company, its

resident agent in the city of Detroit, Wayne county. The Harvester Company appeared specially and moved to dismiss the cause on the ground that the sheriff was not a proper party; and since the company had no representative or place of business in Lapeer county, and no service had been made upon it in that county, the instant action could not be brought there.

After the property involved was seized by the sheriff on June 8, 1937, it was turned over to defendant Harvester Company and subsequently returned to plaintiffs, the exact date of its return being a disputed question of fact. Plaintiffs claim in their declaration that the property was returned June 15, 1938, but upon the hearing of the motion to dismiss, defendants' witness testified that it was returned May 10, 1938. Plaintiffs objected to the admission of this testimony and stated that, if the court proposed to "try the lawsuit on the motion," they wanted to subpoena witnesses and put in the entire testimony. The court, in overruling the objection, replied, "We won't go into the merits."

The trial judge did not file a written opinion and the record does not contain any findings of fact. Two orders of dismissal were entered. In one it is stated that the —"acts of said George Carrigan complained of were official acts performed by him as sheriff of Lapeer county and that since action was not brought within two years * of the commission of said acts, said motion should be granted."

The statute, 3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 13997, Stat. Ann. § 27.641), requires that all actions founded upon wrongs and contracts, except as therein otherwise provided,

---

* See 3 Comp. Laws 1929, § 13976, as last amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).—REPORTER.

shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action; and that suits against public officers for any acts done by virtue of their office shall be commenced and tried in the county where the fact happened.

The sheriff was a proper party defendant in this action which was commenced in his county and which involved his official acts. His liability is a matter for determination after consideration of the law and facts. It was proper to include as defendants all "who may be severally or jointly and severally liable," 3 Comp. Laws 1929, § 14023 (Stat. Ann. § 27.667), and, under the provisions of 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757), to serve process against the remaining defendants anywhere in the State if service is had upon the sheriff in his county.

Plaintiffs' cause of action could not accrue before they had actual knowledge of damage to their property, and. not later than the date the property was returned to them. There is no showing or claim that plaintiffs had such knowledge before the property was returned.

The date when the property was returned is a disputed and controlling issue of fact as to the sheriff, and the motion to dismiss should not have been granted but should have been submitted on trial of the merits. The premature action of the trial judge in granting the motion to dismiss was tantamount. to granting a summary judgment in the face of a disputed question of fact.

The orders are vacated and the cause is remanded for further proceedings in conformity with this opinion. Costs to appellants.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.