BULLARD GAGE CO. *v.* SAFFADY.

JUDGMENT—SUMMARY JUDGMENT—QUESTION OF FACT—AUTHORITY OF
SALES MANAGER TO REPURCHASE GOODS.

> In action by purchaser of an internal grinding machine to re-
> cover purchase price from corporate vendor after returning it
> pursuant to arrangement made with its sales manager, where
> defendant pleaded lack of authority upon part of sales man-
> ager so to do and motion for summary judgment was
> countered with affidavits raising substantially the same issue,
> question of fact raised as to his authority and perhaps as to
> defendant's ratification of such authority because of a pre-
> vious exchange of machines required denial of motion (Court
> Rule No. 30 [1933]).

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted October 6, 1943. (Docket No. 23, Calendar
No. 42,456.) Decided November 29, 1943.

Assumpsit by Bullard Gage Company, a Michigan
corporation, against Thomas Saffady and another,
copartners doing business as Sav-Way Tool & Ma-
chine Company, for the purchase price of a machine
returned to defendants by plaintiff. Summary
judgment for plaintiff. Defendant appeals. Re-
versed and remanded.

*Fildew & DeGree,* for plaintiff.

*Leonard V. Pylkas,* for defendants.

NORTH, J. In this suit plaintiff seeks to recover
from defendants the purchase price of an internal

grinding machine on the ground that the machine did not satisfactorily perform the work for which it was designed and that it was returned to and accepted by defendants under conditions hereinafter noted. Defendants' answer denies plaintiff's right to recover, such denial being primarily on the ground that defendants' agent with whom plaintiff dealt exceeded his authority in arranging the return of the machine and in advising plaintiff the purchase price would be repaid. Plaintiff made a motion for summary judgment. * This motion was countered by affidavits in opposition thereto which presented substantially the same issue as to the scope of the agent's authority. Upon hearing the motion a summary judgment for plaintiff was entered, and defendants have appealed.

In July, 1942, defendants sold to plaintiff an internal grinder and received in payment therefor $4,970. Plaintiff used the machine for a couple of months but because of the claim that it was unsatisfactory plaintiff arranged through defendants' sales manager, Howard Reynolds, for the replacement of this machine by another. This second machine was used by plaintiff until some time in December, 1942. Seemingly the second machine did not perform the precision work for which it was designed in a manner entirely satisfactory to plaintiff, at least plaintiff so claims. Plaintiff alleges that it "promptly notified defendants of such defective performance." In reply to plaintiff's complaint, defendants' sales manager, Howard Reynolds, on December 12, 1942, wrote a letter to plaintiff concerning this transaction and in part wrote as follows:

"We are hereby requesting that you call a cartage company and have the machine sent to our Eight

* See Court Rule No. 30 (1933).—REPORTER.

Mile Road Plant, 4875 E. .8 Mile Rd., and we will be only too happy, upon receipt of your invoice to refund your money.''

As noted above both by their pleading and in their showing in opposition to the motion for summary judgment, defendants emphatically deny the authority of Reynolds to bind defendants to the proposition above quoted. The machine was promptly returned by plaintiff to defendants and the latter were billed for the purchase price of the machine. In their answer ''defendants deny that they accepted a return of said machine and agreed to refund plaintiff's money.'' Further in one of the affidavits in opposition to the motion for summary judgment Thomas Saffady, one of the defendants, sets forth that the exchange of the machines arranged by Reynolds was accomplished ''without consulting with defendants and without their knowledge, consent, authority or approval, (Reynolds) attempted to consummate a return of said machine, and a refund of the purchase price; that as soon as defendants learned of the facts they promptly repudiated the authority of said Howard Reynolds and informed plaintiff through its president, Bernard O. Hallis, that they would not consent to accept said grinder and refund the purchase price.''

Notwithstanding defendants' denial of the authority of their sales manager Reynolds to bind defendants to the agreement in consequence of which plaintiff seeks recovery, the trial court entered the summary judgment. The following, quoted from his opinion, seems to indicate the phase of the record which prompted the conclusion of the trial judge.

''The question presented to the court, then, is whether or not the authority of Reynolds can lawfully be repudiated, and whether or not there has been a ratification of his agreement with the plain-

tiff by the defendants. In the first place, Reynolds' position as a sales manager must be reckoned with. We are not dealing here with a mere salesman, but with the head of the sales department of the defendant company, who, in that capacity is presumed to have full authority throughout the sales field. * * * The further fact appears, without dispute, that a similar adjustment arising out of the return of the first machine purchased and the substitution of the second one was consummated and accepted by the defendants, and that a similar transaction in most respects following the first one must, as a matter of law, be presumed if not repudiated, to be accepted by the defendants, with the consequent ratification of the authority of Reynolds to act in the matter.''

We are not in accord with the conclusion of the trial judge because, under the record in this case, we do not think it can be said as a matter of law that Reynolds ''is presumed to have full authority'' to enter into a binding agreement for the return of the machine sold to plaintiff. And in this connection it must be borne in mind that in defendants' showing in opposition to the motion for summary judgment it is expressly asserted that even the first exchange of machines by Reynolds was ''without consulting with defendants'' and that acceptance of the return of the second machine is expressly denied in defendants' answer. Obviously the record in this case presents a clear-cut question of fact as to the authority of Reynolds to bind defendants in the manner alleged by plaintiff, and possibly the further issue as to whether or not by their course of conduct defendants ratified the acts of Reynolds. The motion for summary judgment should have been denied. Judgment entered is reversed and the case remanded for further proceedings. Costs to appellants.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.