KAUNITZ *v.* WHEELER.

1. ACCOUNT STATED—ACKNOWLEDGMENT OF AN OBLIGATION.
   A mere acknowledgment by a debtor that he is obligated to the creditor without stating the amount of the indebtedness admitted does not create an account stated.

2. SAME—CONVERSION OF AN OPEN ACCOUNT—EVIDENCE.
   The conversion of an open account into an account stated is an operation by which the parties assent to a sum as the correct balance due from one to the other, and whether or not the operation has been performed must depend upon the facts.

3. SAME—RECTITUDE OF ACCOUNT.
   An account stated does not necessarily exclude all inquiry into the rectitude of the account.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Accounts and Accounting § 21.
[3] 1 Am Jur, Accounts and Accounting § 30 *et seq.*
[3] Conclusiveness of account stated. 11 ALR 586; 75 ALR 1283.
[4] 1 Am Jur, Accounts and Accounting § 16.
[5] 41 Am Jur, Pleading § 342.
[6] 1 Am Jur, Accounts and Accounting § 41; 41 Am Jur, Pleading § 342.

4. SAME—SETTLEMENT.
    An account stated means a balance struck between the parties on a settlement.

5. JUDGMENT—SUMMARY JUDGMENT—QUESTIONS OF FACT.
    Summary judgment was improperly entered where there are questions of fact to be determined.

6. SAME—SUMMARY JUDGMENT—ACCOUNT STATED—QUESTION OF FACT.
    Summary judgment for plaintiff is set aside, where declaration, claimed to have been based on an account stated, did not sufficiently allege same, defendant pleaded a general denial and filed an affidavit claiming defendant had already paid plaintiff more than the amount owed him, a question of fact thereby being presented.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 12, 1955. (Docket No. 80, Calendar No. 46,087.) Decided December 1, 1955.

Assumpsit by Lester R. Kaunitz, doing business as K & K Engineering Company, against J. Del Wheeler and R. L. Wheeler, copartners doing business as Wheeler Sales Engineering. Motion for summary judgment granted. Defendants appeal. Reversed and remanded.

*B. J. Tally* and *Thomas Giles Kavanagh, Jr.,* for plaintiff.

*Hugh K. Davidson* and *J. Connor Austin,* for defendants.

BOYLES, J. Plaintiff brought suit in assumpsit against the defendants, filing a declaration on the common counts and adding a count for an account stated. That part of the declaration essential to decision herein reads as follows:

"2. That defendants, on the 18th day of December, 1952, were indebted to plaintiff in the sum of $29,-

427.10, for money theretofore had and received by defendants for the use of plaintiff, as shown by the statement of account attached hereto and marked exhibit '1.' * * *

"8. That on December 22, 1952, plaintiff submitted a statement of account to defendants, in the amount of $29,427.10, and that defendants acknowledged in writing on March 27, 1953, said indebtedness to plaintiff, and that thereupon an account stated resulted from the dealings had between them.

"9. That thereupon, and in consideration thereof, defendants promised plaintiff payment of the aforesaid money.

"10. That, though often requested by plaintiff so to do, defendants have not paid any of said sums, to plaintiff's damage in the sum of $29,427.10.

"Wherefore, plaintiff prays judgment in the sum of $29,427.10 together with interest and costs of this action."

The statement of account attached to the declaration, referred to in count 2 as exhibit "1," showed the number of "toss-board stand assembly units," contracted for by the defendants, which had been delivered, others completed or in process but not delivered, the material on hand, the money received and balance claimed due, $29,427.10, as follows:

"Units delivered 1,500 at 75¢ ........  $  1,125.00
                 11,500 at 90¢ ........     10,395.00
"Units completed
"On hand 15,469 ........................     13,922.10
"Units in process 8,000, 75% completed       5,600.00
"Material on hand $4,635.00 ...........        4,635.00
                                              ─────────
        Total ..........................     35,677.10
"Money received ..........  $  4,250.00
"Money due to date .......     31,427.10
"Dec. 22, 1952 ...........      2,000.00
"Balance due .............   $29,427.10"

Issue was joined by the defendants pleading a general denial. Thereupon the plaintiff filed a motion for summary judgment, based on the pleadings and on affidavits filed by the plaintiff stating, in substance, that the plaintiff had entered into a contract to produce and deliver to the defendants 50,000 "toss-board stand assembly units," had purchased and processed specially-cut material for making the units, had delivered 13,000 units to the defendants, had either completed or partially processed the remaining units, had been paid $6,250, that the defendants had admitted the balance due as claimed by the plaintiff in his declaration as an "account stated," $29,427.10. Therefore the plaintiff moved for a summary judgment for that amount.

The defendants opposed the motion, filing affidavits claiming that plaintiff's motion for a summary judgment did not purport to be on an account stated, that it and the affidavit attached to it contained questions of fact which could be determined only by a trial of the issues, stating circumstances showing that the plaintiff had agreed to withhold further deliveries of units until further orders, alleging in detail facts tending to show that the plaintiff had not complied with the alleged contract in several particulars in the manufacture of the "units," and claim that the defendants had already paid plaintiff more than the amount owed him.

The court granted plaintiff's motion and entered a summary judgment of $29,457.10* plus $1,185.23 interest, and costs, for the plaintiff, from which the defendants appeal.

In granting a summary judgment the court, in a lengthy opinion, analyzed and discussed the facts alleged by the parties in their several affidavits, and referred to copies of letters (which apparently were

---

* Obviously an error. Plaintiff's claim was for $29,427.10.

not received as exhibits) possibly having some bearing on the claims of the parties.

Defendants urge for reversal that the "pleadings and affidavits did not establish an account stated," and, further, that the record shows questions of fact which bar a summary judgment.

Plaintiff's claim of an "account stated" is based on a statement made in a letter sent to plaintiff by the defendants before this suit was started, in which it was stated by defendants:

"We hereby acknowledge our indebtedness to you and request your consideration for the time being."

Conceding, *arguendo,* that plaintiff's declaration is based on an "account stated" (which defendants have put in issue by their general denial), we conclude that the above statement is not sufficient to amount to or create an account stated, or an admission by the defendants that they owed plaintiff $29,427.10.

"The conversion of an open account into an account stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts. That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them. When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account." *White* v. *Campbell,* 25 Mich 463, 468.

"An account stated means a balance struck between the parties on a settlement." *Watkins* v. *Ford* (syllabus), 69 Mich 357.

To the same effect, see *Kusterer Brewing Co.* v. *Friar,* 99 Mich 190; *Thomasma* v. *Carpenter,* 175 Mich 428 (45 LRA NS 543, Ann Cas 1915A, 690).

*Pabst Brewing Co.* v. *Lueders,* 107 Mich 41; and *Corey* v. *Jaroch,* 229 Mich 313, relied upon by plaintiff to show that his declaration and the statement attached thereto (which defendants have denied in their answer) are binding on the defendants as an "account stated," are readily distinguishable from the case at bar, on their facts.

We agree with appellants that the motions and their affidavits filed by the parties show questions of fact which preclude the entry of a summary judgment for the plaintiff, for the amount claimed. Among the decisions here which indicate circumstances under which it is error to enter a summary judgment, where there are questions of fact to be determined, are the following: *Grand Dress, Inc.,* v. *Detroit Dress Co.,* 248 Mich 447; *Baxter* v. *Szücs,* 248 Mich 672; *Hart & Crouse Co.* v. *Pelavin,* 257 Mich 637; *Cass* v. *Washington Finance Co.,* 263 Mich 440; *Lammie* v. *Klug,* 264 Mich 323; *Dempsey* v. *Langton,* 266 Mich 47; *Edoff* v. *Hecht,* 270 Mich 689; *Douglas* v. *Milbrand,* 302 Mich 227; *Young* v. *International Harvester Co.,* 304 Mich 568; *Bullard Gage Co.* v. *Saffady,* 307 Mich 296; *Sams* v. *O'Sheskey,* 323 Mich 177; *Kaminski* v. *Standard Industrial Finance Co.,* 325 Mich 364; *Berman* v. *Psiharis,* 325 Mich 528.

It is not necessary to encumber this opinion with a discussion of the facts and circumstances in each of the above cases wherein a summary judgment has been set aside by this Court and the case remanded for further proceedings.

Judgment set aside and case remanded. Costs to appellants.

Carr, C. J., and Butzel, Smith, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.