NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0542n.06
Filed: August 2, 2007

Nos. 06-1666/1667

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| PRICE, HENEVELD, COOPER, DEWITT & LITTON, | ) |
| | ) |
| Plaintiff-Appellant/Cross-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| ANNUITY INVESTORS LIFE INSURANCE | ) COURT FOR THE WESTERN |
| COMPANY, | ) DISTRICT OF MICHIGAN |
| | ) |
| Defendant-Appellee/Cross-Appellant. | ) |

BEFORE:    KEITH and COLE, Circuit Judges; and OLIVER, District Judge.[*]

**PER CURIAM**.   Implicated in the present appeal and cross-appeal are three separate decisions of the district court. Plaintiff-Appellant Price, Heneveld, Cooper, Dewitt & Litton ("Price Heneveld") appeals the district court's denial of its motion to amend the complaint and subsequent grant of summary judgment dismissing the complaint. Defendant-Appellee Annuity Investors Life Insurance Company ("Annuity Investors") cross-appeals the district court's grant of partial summary judgment limiting its counterclaim for legal malpractice. For the reasons set forth below, we **AFFIRM** all three decisions of the district court.

**I.**

Price Heneveld, a Michigan law firm, provided legal services on intellectual property matters to Annuity Investors for several years. In 1996, Annuity Investors sought the firm's legal assistance

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

regarding the trademark implications of its proposed use of the names "Navigator" or "Commodore Navigator" for an annuity product. In an opinion letter, Price Heneveld advised Annuity Investors that it could use the name "Commodore Navigator." However, Price Heneveld failed to disclose that Clark Capital Management Group ("Clark Capital") had repeatedly opposed and challenged the use of the term "Navigator" in the financial services industry.

After receiving the advice of Price Heneveld, Annuity Investors marketed its "The Commodore Navigator" variable annuity product. Clark Capital promptly brought both a challenge before the Trademark Trial and Appeal Board and a trademark infringement action in the United States District Court for the Eastern District of Pennsylvania against Annuity Investors. Annuity Investors employed Price Heneveld, as well as legal counsel from Pennsylvania and Connecticut, to defend it in these actions. Annuity Investors eventually settled the controversy with Clark Capital. Ultimately, Annuity Investors incurred a total of $2,312,697.90 in attorney fees, costs, and other defense and settlement-related expenditures.

Annuity Investors' made its last payment for legal services to Price Heneveld in January 2002. Price Heneveld claims that an unpaid balance of $141,048.95 remains due. Annuity Investors disagrees because it believes these fees are solely attributable to the legal malpractice of Price Heneveld. On multiple occasions, Annuity Investors has refused to pay the remaining balance and told Price Heneveld that it was dissatisfied with the amount charged and wanted to be refunded because Price Heneveld had committed malpractice.

The parties entered into negotiations over the bill, which ended without resolution in March 2002. The understanding reached in these negotiations was summarized in an email memorandum

by a Price Heneveld partner, Randal Litton, on March 22, 2002. The email stated in its entirety:

> I have now talked with John Gruber [Vice President of Annuity Investors]. I declined his last offer and advised him we had contacted our carrier. He repeated again that he had hoped the matter could be settled short of litigation. I promised to advise him prior to filing suit to collect the bill. He promised to advise us prior to initiating any suit for malpractice. He was interested in Rhoda's letter refusing to phase out the mark over a 3 to 5 year period.

(J.A. at 195).

On July 7, 2004, Price Heneveld filed a "Complaint for Account Stated" against Annuity Investors in the Kent County Circuit Court of Michigan seeking payment of the remaining fees. Annuity Investors removed the action to the district court under diversity jurisdiction; and, on September 21, 2004, Annuity Investors filed a counterclaim for legal malpractice. The counterclaim alleged that Price Heneveld had been negligent when it failed to inform Annuity Investors of Clark Capital's propensity to challenge and litigate use of the term "Navigator," and that, consequently, Annuity Investors had incurred defense-related expenses in excess of two million dollars.

On April 1, 2005, Price Heneveld moved for partial summary judgment on Annuity Investors' counterclaim on the grounds that it was barred by the period of limitations, except to the amount of Price Heneveld's claim.[2] In opposition, Annuity Investors invoked the defenses of equitable estoppel and equitable tolling. In support of its equitable estoppel argument, Annuity Investors argued that the parties' negotiations were conducted in a manner to lead it to erroneously understand that their disputes had been resolved or preserved. Specifically, Annuity Investors

---

[2] *See* Mich. Comp. Laws § 600.5823 ("To the extent of the amount established as plaintiff's claim the periods of limitations prescribed in this chapter do not bar a claim made by way of counterclaim unless the counterclaim was barred at the time the plaintiff's claim accrued.").

claimed that Price Heneveld—knowing that Annuity Investors was not represented by counsel—failed to advise it to retain independent counsel or of the applicable limitations period and consequently induced Annuity Investors into not filing a malpractice claim under a "standstill" agreement.

On June 16, 2005, the district court granted Price Heneveld's motion for partial summary judgment, thereby limiting Annuity Investors' legal malpractice counterclaim to the amount established in Price Heneveld's complaint, since the counterclaim was filed beyond the two-year period of limitations. *See* Mich. Comp. Laws. §§ 600.5805(6), 600.5823. The district court rejected Annuity Investors' equitable estoppel defense on the grounds that: (1) Price Heneveld had no duty to speak when its silence regarding the period of limitations and wisdom of retaining counsel occurred after the fiduciary relationship had terminated and within the backdrop of adversarial negotiations; and (2) no evidence was introduced indicating that Price Heneveld did anything to forestall Annuity Investors from filing a malpractice claim. The district court rejected Annuity Investors' equitable tolling argument for the same reasons and because it found that Annuity Investors had not exercised reasonable diligence in pursuing its rights. Annuity Investors moved for a certificate of immediate appealability, pursuant to 28 U.S.C. § 1292(b), which was denied by the district court.

On August 1, 2005, Price Heneveld filed a motion for summary judgment on its Complaint for Account Stated. On October 31, 2005, Price Heneveld moved to amend the complaint to add a breach of contract claim. On November 18, 2005, the district court denied the motion to amend the complaint because it found that Price Heneveld had not been diligent in evaluating its claims since

the motion had been filed over fifteen months after the original complaint and near the close of discovery. On December 30, 2005, the district court denied Price Heneveld's motion for summary judgment on the grounds that issues of material fact remained as to whether an "account stated" existed because a reasonable jury could find that Annuity Investors had objected to the account.

On December 14, 2005, Annuity Investors moved for summary judgment on the complaint for account stated. On March 16, 2006, the district court granted summary judgment in favor of Annuity Investors and dismissed the complaint. Specifically, the district court found that no account stated existed because Annuity Investors had repeatedly objected to Price Heneveld's demand for payment. On March 17, 2006, final judgment on all issues was entered.

The present appeal and cross-appeal timely ensued.

## II.

This Court reviews the district court's grant of summary judgment de novo. *Howard ex rel. Howard v. Bayes*, 457 F.3d 568, 571 (6th Cir. 2006). We review the district court's denial of the motion for leave to amend the complaint for abuse of discretion. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006).

## III.

As stated at the outset, Price Heneveld appeals the district court's denial of its motion to amend the complaint and grant of summary judgment in favor of Annuity Investors. Annuity Investors cross-appeals the district court's grant of partial summary judgment for Price Heneveld; thereby, limiting Annuity Investors' counterclaim. We consider the district court's decisions in the order they were decided by that court.

### A. Grant of Partial Summary Judgment Limiting Annuity Investors' Counterclaim

Annuity Investors argues that the district court erred in granting partial summary judgment for Price Heneveld on the ground that Annuity Investors' counterclaim for legal malpractice was filed outside the period of limitations. The gravamen of Annuity Investors' argument is that the doctrine of equitable estoppel precludes summary judgment because it was induced by Price Heneveld to refrain from bringing a malpractice action when the parties entered into a standstill agreement.

Under Michigan law:

Equitable estoppel arises where one party has knowingly concealed or falsely represented a material fact, while inducing another's reasonable reliance on that misapprehension, under circumstances where the relying party would suffer prejudice if the representing or concealing party were subsequently to assume a contrary position. Although the doctrine can operate to bar use of the statute of limitations as a defense . . . . [the Michigan Supreme Court] has been "reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute."

*Adams v. City of Detroit*, 591 N.W.2d 67, 70 (Mich. App. 1998) (internal citations omitted) (quoting *Lothian v. City of Detroit*, 324 N.W.2d 9, 18 (Mich. 1982)); *see also Cincinnati Ins. Co. v. Citizens Ins. Co.*, 562 N.W.2d 648, 651 (Mich. 1997).

Annuity Investors claims that the parties entered into a standstill agreement and that "[t]his agreement induced Annuity Investors not to file a malpractice claim against Price Heneveld." (Appellee's Br. 35). Specifically, Annuity Investors argues that:

Price Heneveld deviously waited until the expiration of the two year statute of limitations, relying on the conclusion that it had effectively precluded Annuity Investors from filing its [malpractice] claim and preserving [Price Heneveld's] right to pursue the claim for attorney fees. This was intentional. The agreement made was

> nothing more than an artifice knowingly employed by Price Heneveld in a deceitful fashion to achieve its end. . . . The good faith and reasonable reliance of Annuity Investors on its agreement with Price Heneveld caused Annuity Investors to, by the letter of the law, lose a valid claim. Therefore, [under the doctrine of equitable estoppel] Price Heneveld, as a matter of law, must be deemed to have waived the protection of the limitation statute by virtue of its actions.

*Id.* at 35-36.

Annuity Investors' argument fails because it is clear from the record that there was never a standstill agreement between the parties. Annuity Investors claims that Randal Litton "worked out a form of standstill agreement between the two parties[,]" and then sent his Price Heneveld partners an email on March 22, 2002, setting out the terms of this agreement.[3] (Appellee's Br. 12). Annuity Investors relies on the March 22, 2002 email as evidence of the standstill agreement. Contrary to Annuity Investors' contention, the March 22, 2002 email does not constitute an agreement that the parties would not bring suit against each other or that Annuity Investors was precluded from filing a malpractice claim. Reliance on this agreement for these propositions is entirely unreasonable. It is clear from the email and the evidence on record that the parties were both considering litigation and simply agreed to give each other notice before filing suit. Under the agreement, Annuity Investors was free to file a malpractice lawsuit at any time, but had agreed to extend the courtesy of informing Price Heneveld before filing an action. No other conclusion is permitted by the record.

---

[3] As mentioned above, the email stated:

> I have now talked with John Gruber. I declined his last offer and advised him we had contacted our carrier. He repeated again that he had hoped the matter could be settled short of litigation. I promised to advise him prior to filing suit to collect the bill. He promised to advise us prior to initiating any suit for malpractice. He was interested in Rhoda's letter refusing to phase out the mark over a 3 to 5 year period.

(J.A. at 195).

In further support of its equitable estoppel argument, Annuity Investors contends that the district court erred when it failed to consider the June 2005 affidavits of John Gruber and William Gaynor (Senior Corporate Counsel for Annuity Investors) because these affidavits indicate that Price Heneveld owed a duty to Annuity Investors to inform it of the advisability of obtaining independent counsel and to apprise it of the period of limitations for a malpractice action. We find this argument to be unavailing. Even assuming that the affidavits should have been considered *and* that the evidence revealed that Price Heneveld had a duty to advise Annuity Investors of the period of limitations and advisability of securing independent counsel, Annuity Investors would *still* not be entitled to equitable estoppel because neither the inducement nor reasonable reliance elements of an equitable estoppel defense have been met.

Annuity Investors' equitable estoppel theory does not hinge on Price Heneveld's alleged breach of fiduciary duties; rather, its theory is predicated on Price Heneveld's alleged employment of a standstill agreement to intentionally induce Annuity Investors into not bringing a malpractice action. In other words, Annuity Investors does not argue that Price Heneveld's failure to advise it of the period of limitations and to obtain counsel induced it to believe that the period of limitations for a malpractice action would not elapse in two years. In fact, Annuity Investors has failed to argue, much less demonstrate, that Price Heneveld's concealment of the period of limitations and advisability of procuring counsel induced its reasonable reliance on a belief that the period of limitations for a malpractice action would not expire in two years. *See Adams*, 591 N.W.2d at 70. Equitable estoppel would be inappropriate here because there is no evidence that Price Heneveld's conduct was "clearly designed to induce [Annuity Investors] to refrain from bringing action within

the period fixed by statute." *Lothian*, 324 N.W.2d at 18 (internal quotation marks and citation omitted).

As Annuity Investors has failed to demonstrate that it is entitled to equitable estoppel, we conclude that the district court did not err in granting partial summary judgment limiting Annuity Investors' legal malpractice counterclaim to the amount established as Price Heneveld's claim, pursuant to Mich. Comp. Laws §§ 600.5805(6) and 600.5823.

### B. Denial of Price Heneveld's Motion to Amend the Complaint

On October 31, 2005, Price Heneveld moved to amend its "Complaint for Account Stated" to include a breach of contract claim. On November 18, 2005, the district court denied the motion to amend the complaint on the grounds that: (1) the case was in its final stage of preparation for trial; (2) Annuity Investors would be substantially prejudiced by an added claim with different elements and defenses, which would require additional discovery and an extension of litigation; (3) Price Heneveld had not been diligent in reviewing the status of its claim; and (4) Price Heneveld had not provided any argument supporting an overriding need for the amendment. Price Heneveld argues that the district court abused its discretion in denying its motion to amend the complaint.

This Court generally reviews a district court's decision to deny a motion to amend a complaint under the deferential abuse of discretion standard. *Miller*, 448 F.3d at 898. When defendants to an action have already answered the original complaint, an amended complaint cannot be filed without leave of court. Fed. R. Civ. P. 15(a). "[L]eave shall be freely given when justice so requires." *Id.* The appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the

moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Here, Price Heneveld's proposed breach of contract claim was based on the same facts as the original "account stated" claim. Notwithstanding, Price Heneveld filed its motion to amend the complaint over fifteen months after submission of the original complaint; approximately two weeks before the discovery deadline; and after it had already filed two summary judgment motions. In its motion to amend, Price Heneveld offered no explanation for its failure to move to amend the complaint earlier. Due to the advanced state of litigation and lack of prior notice, it is evident that Annuity Investors would have been unduly prejudiced by the amendment and litigation would have been unnecessarily delayed. Price Heneveld could have amended its complaint earlier, but (without any apparent reason) chose not to do so. *See* Fed. R. Civ. P. 16(b) (requiring a showing of "good cause" before a district court's scheduling order is modified). The district court's reasoning for denying the motion to amend is sound and took into account the relevant factors. Accordingly, we find no abuse of discretion.

### C. Grant of Summary Judgment Dismissing Price Heneveld's Complaint

### 1.

The central issue presented by Annuity Investors' motion for summary judgment was whether Annuity Investors had objected to the Price Heneveld bill, so as to prevent the bill from becoming an "account stated." The district court concluded that Annuity Investors had indeed objected to the bill; thus, there was no account stated, and Annuity Investors was entitled to summary judgment.

On appeal, Price Heneveld argues that the account had become "stated" because Annuity Investors never objected to the computations (such as hours worked or rate charged) used to compile the account, but only objected on the grounds that Price Heneveld had been overpaid and that the outstanding fees were due solely to the firm's legal malpractice.

It has long been established under Michigan law that "[a]n account stated means a balance struck between the parties on a settlement; and where a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Watkins v. Ford*, 37 N.W. 300, 302 (Mich. 1888). The Michigan Supreme Court has made clear that:

> The conversion of an open account into an account stated, [sic] is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts. That it has taken place, [sic] may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them. When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account.

*Kaunitz v. Wheeler*, 73 N.W.2d 263, 265 (Mich. 1955) (quoting *White v. Campbell*, 25 Mich. 463, 468 (1872) (internal quotation marks omitted)). Therefore, "[i]n order to demonstrate that its fees for its services to [Annuity Investors] had become an account stated, [Price Heneveld] had to prove that [Annuity Investors] either expressly accepted the bills by paying them or failed to object to them within a reasonable time." *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 777 (Mich. App. 2002).

The undisputed facts demonstrate that Annuity Investors objected on numerous occasions to the Price Heneveld bill, and that these repeated objections were made within a reasonable period of time after notification of the bill. Annuity Investors' objections included multiple instances of

refusing payment on the grounds that the bill was the sole result of Price Heneveld's legal malpractice, requesting reimbursement of fees already paid, and threatening a suit for malpractice.

We are unpersuaded by Price Heneveld's unprecedented argument that Annuity Investors' objections were not sufficient because they were qualitative, rather than quantitative, in nature. Price Heneveld has been unable to point to any case law, and we have found none, to support such a proposition. Irrespective of the fact that Annuity Investors' objections did not pertain to the underlying computations of hours worked, rate charged, or the like, it is undeniable that there was no assent, balance struck, or settlement between Annuity Investors and Price Heneveld. *See Watkins*, 37 N.W. at 302. As such, there can be no account stated under Michigan law. *See Leonard Refineries, Inc. v. Gregory*, 295 N.W. 215, 217 (Mich. 1940); *Keywell & Rosenfeld,* 657 N.W.2d at 777.

Moreover, the practical consequence of accepting Price Heneveld's distinction between quantitative and qualitative objections would be the creation of an account stated whenever a professional services provider bills its client for work it actually did computed at the contracted rate, regardless of whether the work was unnecessary, unreasonable, substandard, or a result of the provider's own negligence. Such an outcome is impermissible, as it would be contrary to long-standing judicial precedent that implies a promise to pay only where there has been mutual assent, settlement, and a balance struck. *See Watkins*, 37 N.W. at 302.

Accordingly, the district court did not err in granting summary judgment dismissing Price Heneveld's account stated claim.

**2.**

In the alternative, Price Heneveld argues that even if the district court did not err in dismissing the account stated claim, it erred in dismissing the complaint in its entirety. Specifically, Price Heneveld argues that an additional cause of action (for a claim "on account") survives the district court's holding that no account stated existed. We reject this argument because it is clear that Price Heneveld's complaint contained only one count, a claim for account stated.

The complaint itself was entitled "Complaint for Account Stated." A plain reading of the sparse eight-sentence complaint reveals that it only alleges one legal theory, a claim for account stated. This fact was explicitly recognized by the district court. For instance, in ruling on Price Heneveld's motion for partial summary judgment on Annuity Investors' counterclaim, the district court stated, "Plaintiff [Price Heneveld], a Grand Rapids law firm, commenced this action on July 7, 2004, by filing a *one-count* complaint[.]" (J.A. at 224) (emphasis added). There is no indication in the record that Price Heneveld ever disputed this characterization. Rather, it appears that Price Heneveld wholly agreed with the depiction. In its motion for leave to file an amended complaint, Price Heneveld stated, "Plaintiff's Complaint asserts a claim for account stated. Plaintiff requests leave to add an alternate theory of recovery, namely breach of contract." *Id.* at 307. Moreover, the tendered amended complaint is separated into "Count I–Account Stated" and "Count II–Breach of Contract[;]" there are no other claims listed. *Id.* at 309. Finally, contrary to Price Heneveld's contention, the district court was under no obligation to rehabilitate Price Heneveld's deficient pleadings. *Cf. Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984) (permitting dismissal without requiring the district court to rehabilitate deficient pleadings). Indeed, "[d]istrict courts are in the business of judging, not editing." *Bautista v. Los Angeles County*, 216 F.3d 837, 845

(9th Cir. 2000).

Accordingly, the district court did not err in entering final judgment dismissing the complaint.

**IV.**

For the aforementioned reasons, we **AFFIRM** the district court's decisions: (1) granting partial summary judgment limiting Annuity Investors' counterclaim for legal malpractice; (2) denying Price Heneveld's motion to amend the complaint; and (3) granting summary judgment in favor of Annuity Investors and dismissing Price Heneveld's complaint.